WALLER, Chief Justice,
for the Court:
¶ 1. William Antonio “Ken” Avery was convicted of selling cocaine and felony fleeing. The Court of Appeals affirmed his conviction and sentence. This Court granted certiorari to address Avery’s claim that the trial court committed reversible error in refusing to sequester the witnesses at the post-trial hearing. Finding no reversible error, we affirm Avery’s conviction and sentence.

FACTS & PROCEDURAL HISTORY

¶ 2. On March 30, 2010, law enforcement officials arranged for a confidential informant to purchase drugs from Avery while wearing an audiovisual recording device. The informant purchased crack cocaine from Avery and turned it over to the police. The police attempted to arrest Avery immediately thereafter. Avery fled in his vehicle, and police pursued him, ultimately resulting in his arrest. Avery was tried in Lauderdale County, and a jury convicted him of selling cocaine and felony fleeing.
¶ 3. After his conviction and sentencing, Avery discovered that the trial judge may have communicated with Juror Kim Watts. While the exact nature of the communication is disputed, the following is a general recounting of the relevant events. On the night before jury deliberations, the trial judge had a conversation at a local restaurant with Jamie Cater, a caterer and the employer of Juror Watts. Cater told the judge that she needed Watts back at work. The judge replied that he thought the case would be over by noon the next day. The following morning, Juror Watts was the last juror to arrive at the courthouse. She mentioned to the judge that she needed to get back to work soon. The judge responded that the jury would likely begin deliberations that morning, and that they should be finished by noon. After the defense rested, the jury deliberated for *319 approximately twenty minutes and then returned a guilty verdict.
¶4. Avery sought a post-trial hearing regarding the judge’s alleged communication.[1] At the beginning of the hearing, Avery requested invocation of Rule 615 of the Mississippi Rules of Evidence, mandating that the witnesses be sequestered. The judge denied Avery’s request and allowed the witnesses to testify in each other’s presence. At the beginning of the hearing, the trial judge explained his version of the events to the attorneys and witnesses. He acknowledged that he had told Juror Watts that the jury probably would begin deliberations on the morning in question. Juror Watts testified that she had told the judge she needed to return to work, but she did not recall a response from the judge. Juror Elaine Moss testified that Juror Watts had told her that they should be finished with the case by noon. Juror Moss could not remember if any other jurors were present at the time. Avery’s wife and mother testified that Watts had told the judge that she had gotten his message that “court will be over by 12:00 and to bring a pan of dressing.” The judge denied Avery’s post-trial motions.
¶ 5. Avery appealed, raising several assignments of error, including the judge’s failure to sequester the witnesses upon his request at the post-trial hearing. The Court of Appeals affirmed the trial court in all respects. Avery v. State, 119 So.3d 329 (Miss.Ct.App.2012). Avery then filed a petition for certiorari with this Court, raising substantially the same issues addressed by the Court of Appeals. We may limit the issues we address upon a grant of certiorari. Jones v. State, 95 So.3d 641, 645 (Miss.2012) (citations omitted); Miss. R.App. P. 17(h). Thus, we limit our review to Avery’s claim that the trial court committed reversible error by failing to sequester the jurors at the post-trial hearing.

STANDARD OF REVIEW

¶ 6. Avery argues that the trial court committed reversible error by refusing to sequester the witnesses upon his request at his post-trial hearing. When a violation of Rule 615 is alleged on appeal, this Court is limited to an abuse-of-discretion standard of review. Douglas v. State, 525 So.2d 1312, 1318 (Miss.1988). However, “[t]he discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence. Johnston v. State, 567 So.2d 237, 238 (Miss.1990).

DISCUSSION

I. Whether a new trial should be granted based on a violation of Rule 615 and alleged jury misconduct.
¶ 7. Rule 615 provides, “At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses[.]” Miss. R. Evid. 615 (emphasis added). The purpose of Rule 615 is to “exercis[e] a restraint on witnesses ‘tailoring’ their testimony to that of earlier witnesses and ... ai[d] in detecting testimony that is less than candid.” Douglas, 525 So.2d at 1316 (quoting Geders v. United States, 425 U.S. 80, 87, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976)). Simply put, Rule 615 guards against “falsification, inaccuracy, and collusion.” Miss. R. Evid. 615 cmt.
¶ 8. The Court of Appeals correctly held that the trial court erred in refusing to sequester the witnesses upon Avery’s re *320 quest at the post-trial hearing. Avery, 119 So.3d 329, at 336. However, the Court of Appeals ultimately held that the trial court had not abused its discretion in refusing to invoke Rule 615 because Avery had failed to show that he was prejudiced by that refusal. Id. (citing Finley, 725 So.2d at 233 (finding that the “resultant degree of prejudice to the defendant must first demonstrate that the trial court abused its discretion.”)).
¶ 9. The Court of Appeals was incorrect in applying the abuse-of-discretion standard to the trial court’s refusal to invoke Rule 615. As indicated by the mandatory language of Rule 615, the trial court has no discretion in the rule’s application; the court must apply it when a party invokes it. Finley v. State, 725 So.2d 226, 234 (Miss.1998) (citing Douglas, 525 So.2d at 1316). The abuse-of-discretion standard, requiring a showing of prejudice to the defendant, refers to the trial court’s discretion in granting, or not granting, a remedy upon a violation of the rule.[2] See Finley, 725 So.2d at 233 (citing Douglas, 525 So.2d at 1317) (“Once a witness has violated the rule, the remedy lies within the court’s discretion.”). Here, the trial court’s refusal to invoke Rule 615 upon Avery’s request was a distinct error; thus, it was improper for the Court of Appeals to find that the error did not amount to an abuse of discretion.
¶ 10. This Court’s inquiry does not end there, though. The State argues that this error was harmless and had no effect on the jury’s verdict or the outcome of the post-trial hearing. “ ‘[A] defendant is entitled to a fair trial but not a perfect one,’ for there are no perfect trials.” Brown v. U.S., 411 U.S. 223, 231-232, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973) (citing Bruton v. U.S., 391 U.S. 123, 134, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (quoting Lutwak v. U.S., 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1953))). For an error to be harmless, it must be “clear beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” Conley v. State, 790 So.2d 773, 789 (Miss.2001) (citing Stokes v. State, 548 So.2d 118, 124 (Miss.1989)). In conducting harmless-error analysis, this Court has the power and duty to review the record de novo to determine the error’s effect. Tran v. State, 962 So.2d 1237, 1247 (Miss.2007) (citing Arizona v. Fulminante, 499 U.S. 279, 295, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)).
¶ 11. This Court finds that the trial court’s error in failing to sequester the witnesses was harmless beyond a reasonable doubt. We have held that a technical violation of Rule 615 is harmless where the violation did not adversely affect the defendant. Conley, 790 So.2d at 789 (citing Stokes, 548 So.2d at 124). Here, Avery’s conviction was supported by overwhelming evidence at trial. Avery’s drug sale was captured on audiovisual surveillance, and he presented no witnesses in his *321 defense. While the Court of Appeals incorrectly applied the abuse-of-discretion standard to the trial court’s initial failure to comply with Rule 615, we find that Avery’s failure to present any evidence of prejudice serves as persuasive evidence that the trial court’s error was harmless. Telling a juror’s employer and a juror that “Court will be over by noon” was an innocuous statement with no arguable influence on Avery’s case. The trial court’s failure to sequester witnesses at Avery’s post-trial hearing certainly could not have affected the jury’s verdict, nor could it have had any arguable effect on Avery’s post-trial hearing based on the weight of the evidence against him. Based on the record, this Court cannot say that the trial court’s error rendered Avery’s trial or post-trial hearing fundamentally unfair. This issue is without merit.

CONCLUSION

¶ 12. While the trial court erred in refusing to sequester the witnesses at Avery’s post-trial hearing, the error was harmless. The Court of Appeals erred in its analysis, but correctly affirmed the trial court’s conviction and sentence. Based on harmless-error analysis this Court affirms Avery’s conviction and sentence.
¶ 13. COUNT I: CONVICTION OF SALE OF COCAINE AND SENTENCE OF SIXTY (60) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF FELONY FLEEING AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCES SHALL BE SERVED WITHOUT THE POSSIBILITY OF PROBATION, PAROLE, EARNED TIME OR GOOD TIME CREDIT NOR ANY OTHER TYPE OF EARLY RELEASE. SENTENCES IN COUNTS I AND II ARE TO RUN CONCURRENTLY TO EACH OTHER BUT CONSECUTIVELY TO TIME IN CAUSE # 645-02 AND # 691-06. APPELLANT SHALL ALSO PAY COURT COSTS OF $434.50 AND A $5,000 FINE AND $300.00 LAB FEE.
DICKINSON AND RANDOLPH, P JJ., LAMAR, PIERCE AND COLEMAN, JJ., CONCUR. KING, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER, JJ.

. The hearing also covered Avery's motion for judgment notwithstanding the verdict (JNOV), motion for new trial, and motion for reconsideration of sentencing.

. Rule 615 does not provide an express remedy for its violation. However, this-Court has provided trial courts with the discretion to apply any of several remedies. The offending witness may be excluded from testifying upon a showing of prejudice to the complaining party. Douglas, 525 So.2d at 1317 (citing U.S. v. Warren, 578 F.2d 1058, 1076 (5th Cir.1978)). Absent a showing of prejudice, the more appropriate remedy is a "full-bore cross-examination” of the witness on the facts of the violation of the rule. Id. (citing U.S. v. Jimenez, 780 F.2d 975, 981 (11th Cir.1986)). The trial court also may instruct the jury that a violation of Rule 615 should be considered in evaluating the credibility of the witness. Id. (citing Jimenez, 780 F.2d at 981). If the witness testifies before the trial court is aware of the violation, the trial court may also cite that witness for contempt. Id. at 1318 (citing U.S. v. Blasco, 702 F.2d 1315, 1327 (11th Cir.1983)).