CHANDLER, Justice,
dissenting:
¶ 38. The majority holds that applying harmless-error analysis in this case would violate Harrell’s right to a jury trial under Article 8, Section 81 of our state constitution. With respect, I disagree. “[Cjonsti-tutional errors alone do not entitle a defendant to automatic reversal.” Goforth v. State, 70 So.3d 174, 187 (Miss.2011). Most constitutional errors, including violations of our state constitution, are subject to review for harmless error. Id. This Court correctly held in Kolberg v. State, 829 So.2d 29, 50 (Miss.2002), that, even if the trial court fails to instruct the jury on the elements of the underlying felony in a capital murder case, the error may be deemed harmless if the Court can say beyond a reasonable doubt that the verdict would have been the same had the jury been properly instructed. Harrell’s jury was instructed that, to convict, it had to find that Harrell killed Damico while engaged in the commission of a robbery. Although the elements of robbery were omitted, the facts so overwhelmingly pointed to Harrell’s guilt that no rational jury, even if properly instructed, could have acquitted Harrell of capital murder. Given the overwhelming evidence of Harrell’s guilt of capital murder, I would find that the instructional error was harmless beyond a reasonable doubt.
¶ 39. “[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.” Smith v. State, 986 So.2d 290, 300 (Miss. 2008) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). This Court has not hesitated to apply harmless-error analysis to an array of trial errors, including errors in jury instructions and constitutional violations. See, e.g., Avery v. State, 119 So.3d 317, 320 (Miss.2013) (failure to sequester a witness); Young v. State, 99 So.3d 159,163 (Miss.2012) (denial of impeachment of hostile witness); Conners v. State, 92 So.3d 676, 684 (Miss.2012) (Confrontation-Clause violation); States v. State, 88 So.3d 749, 758 (erroneous flight instruction); White v. State, 48 So.3d 454, 458 (Miss.2010) (admission of hearsay); Pitchford v. State, 45 So.3d 216, 235 (Miss.2010) (prosecutorial misconduct); Walton v. State, 998 So.2d 971, 976 (Miss.2008) (admission of statements taken in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). And we have not declined to apply harmless-error analysis to violations of the defendant’s right to a jury trial. Rather, in Brown v. State, 995 So.2d 698, 704 (Miss.2008), this Court applied harmless-error analysis when the defendant was denied the right to a jury trial by the trial court’s failure to submit a sentencing enhancement to the jury.
¶ 40. In Neder v. United States, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the United States Supreme Court determined that, when a jury instruction omits an element of the offense, the error is subject to harmless-error review. The Court stated that only a limited class of cases-those involving “structural errors”— demand automatic reversal. Id. at 8, 119 S.Ct. 1827. The Court held that, unlike the “complete deprivation of counsel or trial before a biased judge,” the omission of an element of .the offense from a jury instruction “does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.” Id. at 9, 119 S.Ct. 1827 (emphasis in original). Therefore, when a jury instruction omits an element of the offense, the error does not demand automatic reversal, but may be reviewed for harmless error. Id. at 15, 119 S.Ct. 1827.
*278 ¶ 41. In its discussion, the Supreme Court reasoned that “improperly omitting an element from the jury can ‘easily be analogized to improperly instructing the jury on an element of the offense, an error which is subject to harmless-error analysis.’ ” The Court recognized that “[i]n both cases-misdescriptions and omissions-the erroneous instruction precludes the jury from making a finding on the actual element of the offense.” Id. at 10, 119 S.Ct. 1827 (emphasis in original). The Court distinguished the omission of an element from an error that “vitiates all the jury’s findings,” which is not subject to harmless-error analysis.[2] Id. at 11, 119 S.Ct. 1827. But the Court held that “the absence of a ‘complete verdict’ on every element of the offense establishes no more than that an improper instruction on an element of the offense violates the Sixth Amendment’s jury trial guarantee,” and stated that, “[t]he issue here, however, is not whether a jury instruction that omits an element of the offense was error ... but whether that error is subject to harmless-error analysis.” Id. at 12, 119 S.Ct. 1827. Based on its prior application of harmless-error analysis in cases where the jury had not rendered a complete verdict on every element of the offense, the Court answered that question in the affirmative. Id. at 13, 119 S.Ct. 1827.
¶ 42. In Kolberg, this Court adopted Neder’s reasoning and held that the failure to instruct the jury on the elements of the underlying felony is subject to harmless-error review. Kolberg v. State, 829 So.2d 29, 50 (Miss.2002). Kolberg was convicted of capital murder with the underlying felony of child abuse. Kolberg’s jury was not instructed on the elements of child abuse. Id. at 45. The Court acknowledged that, in prior cases, we had held that this error was automatically reversible. But in light of Neder’s application of harmless-error analysis to a case in which the jury instructions had omitted an element of the charged crime, we held that omission of an element does not render the trial fundamentally unfair and does not require automatic reversal. Kolberg, 829 So.2d at 50. After careful consideration of the issue, we stated that:
[W]e apply a harmless error analysis in this case where the trial court failed to instruct the jury on the underlying felony in this capital murder prosecution. However, — we implore the trial courts to be alert to the need to assure that the jury is adequately instructed on the underlying felony in a capital murder trial. We also acknowledge that our decisions in many cases are “fact-driven” thereby meaning that, even in applying a “harmless error analysis,” had the facts in this case been different, the result here certainly could have been different. We make this statement as a caveat in future capital murder prosecutions under the provisions of Miss.Code Ann. § 97-3-19(2)(e)-(f), that should the trial court fail to instruct the jury on the underlying felony, even in applying a “harmless error analysis,” this Court may still be compelled, based on the facts and/or the particular underlying felony, to find such failure to be reversible error.
Kolberg, 829 So.2d at 50-51.
¶ 43. The Court in Kolberg found that the instructional error was harmless beyond a reasonable doubt. Id. at 51. Kol-berg’s jury had been instructed that Kol-berg was guilty of capital murder if he killed the child victim when engaged in the *279 crime of felonious child abuse. See Miss. Code Ann. § 97-3-19(2)(f) (Rev.2006). But the jury was not instructed on the elements of felonious child abuse, which required “an intentional whipping, striking or otherwise abusing or mutilating of any child ‘in such a manner as to cause serious bodily harm.’ ” Kolberg, 829 So.2d at 49; Miss.Code Ann. § 97-5-39(2) (Rev.2006).[3] The evidence was that the child victim had been discovered with massive head trauma after having been in Kolberg’s sole custody. Kolberg, 829 So.2d at 51. The Court found that there was no way that the omission of these elements had affected the outcome of the case, because no reasonable juror could have found other than that Kolberg had inflicted the injuries “in such a manner as to cause serious bodily harm.” Id. Therefore, the Court held that it was clear beyond a reasonable doubt that the instructional error did not contribute to the verdict. Id.
¶ 44. While the Court in Kolberg did not expressly perform a state constitutional analysis, obviously we considered the state right to be coextensive with the federal right concerning this issue. This Court never has held that violations of our state constitution are immune from review for harmless error. Instead we have held that most constitutional errors, including state constitutional errors, may be deemed harmless. Goforth, 70 So.3d at 186. Certainly, the omission of the elements of robbery from the jury instructions violated Harrell’s right to a jury trial guaranteed by Article 3, Section 31 of the Mississippi Constitution. But nothing in our state constitution prevents this Court from determining that, because the error did not contribute to the verdict beyond a reasonable doubt, the constitutional violation was harmless.
¶ 45. Certainly, when the jury receives no instruction on the underlying felony in a capital-murder case, the error is a grave one, because the jury has not found every element of the crime beyond a reasonable doubt. See Shaffer v. State, 740 So.2d 273, 282 (Miss.1998). A court should not lightly undertake the task of harmless-error analysis when the jury did not receive instruction on the elements of the underlying felony. See Kolberg, 829 So.2d at 50-51. Nonetheless, the error should be subject to harmless-error analysis. The United States Supreme Court in Neder explained that “where an omitted element is supported by uncontroverted evidence, [the harmless-error] approach reaches an appropriate balance between ‘society’s interest in punishing the guilty [and] the method by which decisions of guilt are to be made.’ ” Neder, 527 U.S. at 18, 119 S.Ct. at 1838 (quoting Connecticut v. Johnson, 460 U.S. 73, 86, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983)). “The harmless-error doctrine ... ‘recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant’s guilt or innocence, ... and promotes public respect for the criminal process by focusing on the underlying fairness of the trial.’ ” Neder, 527 U.S. at 18, 119 S.Ct. at 1838 (quoting Delaware v. Van Arsdall, 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).
¶46. The test for harmless error is whether “it appears ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’ ” Neder, 527 U.S. at 15, 119 S.Ct. at 1837 (quoting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Contrary to the majority’s representation, in determining whether the error was harmless, we do not act as a second jury, *280 but rather “ask[ ] whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.” Neder, 527 U.S. at 19, 119 S.Ct. at 1839. Such evidence might be that the defendant contested the omitted element and presented sufficient evidence to support a contrary finding. Id. at 19, 119 S.Ct. at 1838. “If, at the end of that examination, the court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error ... it should not find the error harmless.” Id. But if it is “clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error,” then the error was harmless. Id. “[Wjhere a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless.” Id. at 17,119 S.Ct. at 1837.
¶ 47. I now review the omitted elements of robbery and determine whether the record “contains evidence that could rationally lead to a contrary finding with respect to the omitted element,” or whether “the omitted element was uncontested and supported by overwhelming evidence.” Neder, 527 U.S. at 19, 119 S.Ct. at 1839. Mississippi Code Section 97-3-73, defining the crime of robbery, provides: “Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.” Miss.Code Ann. § 97-3-73 (Rev.2006). The elements of robbery include “(1) felonious intent, (2) force or putting in fear as a means of effectuating the intent, and (3) by that means taking and carrying away the property of another from his person or in his presence.” Goff v. State, 14 So.3d 625, 647 (Miss.2009). The killing of a human being is capital murder if done “with or without any design to effect death by any person engaged in the commission of the crime of ... robbery....” Miss.Code Ann. § 97-3-19(e) (Rev.2006).
¶ 48. The record contains overwhelming evidence that Harrell killed Damico while engaged in the commission of a robbery. Damico was last seen alive when he left with Harrell in the blue Mercury. Later, the blue Mercury was found in Harrell’s possession; he had the keys, and the car was within walking distance of Harrell’s location. Harrell confessed to Henry Peters that he had killed Damico, had put his body in the trunk, and had driven to Holmes County. Harrell’s description of the killing was consistent with the autopsy results. Harrell gave several conflicting statements to the police in which he admitted he was present during the crime. In each of these statements, Harrell stated that Shorty killed Damico and gave him the blue Mercury. There was overwhelming evidence that Harrell took the blue Mercury from Damico with felonious intent and by violence, killing him in the process, and that the elements of robbery were met.
¶ 49. The record is devoid of evidence that would rationally support a contrary finding. In fact, Harrell did not contest the element of robbery; his defense largely rested upon the theory that he had killed and robbed Damico in Holmes County, not Hinds County. It is clear beyond a reasonable doubt that a rational jury would have found Harrell guilty of capital murder had it been instructed on the elements of robbery. I can say confidently that the omission of the elements of robbery was harmless beyond a reasonable doubt.
*281 ¶ 50. While it is vital for trial courts to assure the jury is properly instructed on every element of the underlying felony in a capital-murder case, such errors should be subject to harmless-error analysis, because they do not necessarily mean that a trial was fundamentally unfair. Neder, 527 U.S. at 9, 119 S.Ct. 1827. Because the error here plainly was harmless beyond a reasonable doubt, a new trial is a waste of time and judicial resources. “ ‘[A] defendant is entitled to a fair trial but not a perfect one,’ for there are no perfect trials.” Avery v. State, 119 So.3d 317 (Miss.2013) (quoting Brown v. U.S., 411 U.S. 228, 231-232, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973)). While Harrell’s trial was not perfect, it was not fundamentally unfair. I respectfully dissent.
¶ 51. WALLER, C.J., AND PIERCE, J., JOIN THIS OPINION.

. Under Neder, a total failure to instruct the jury on the elements of the crime would vitiate all the jury's findings and would not be subject to harmless-error analysis. Therefore, the majority's fear that this Court would deem such an error harmless is unfounded.

. The elements of child abuse in Mississippi Code Section 97-5-39(2) were revised effective July 1, 2013. Miss.Code Ann. § 97-5-39(2) (Supp.2013).