429 So.2d 262 (1983)
Robert Lee DAVIS
v.
STATE of Mississippi.
No. 54115.
Supreme Court of Mississippi.
April 6, 1983.
Robert Lee Davis, pro se.
Bill Allain, Atty. Gen., by Billy Gore, Asst. Atty. Gen., Jackson, for appellee.
Before BROOM, PRATHER and ROBERTSON, JJ.
*263 ROBERTSON, Justice, for the Court:

I.
Robert Lee Davis brings this appeal from the Circuit Court's denial of habeas corpus relief. On April 20, 1972, Davis began the service of three consecutive life sentences. Disingenuously, he argues that he is eligible for parole as though he were under a single life sentence. The Circuit Court denied relief. We affirm.

II.
On April 7, 1972, the Grand Jury of Washington County, Mississippi, returned indictments against Davis charging him with three separate rape offenses, the first committed September 8, 1971, the second committed October 3, 1971, and the third committed November 13, 1971. In due course, Davis entered pleas of guilty to each indictment. On April 20, 1972, the following sentences were imposed by the Circuit Court of Washington County, to-wit:
(a) In Case No. 15,140, on the criminal docket of the Circuit Court, the case arising out of the rape occurring on November 13, 1971, Davis was sentenced to life imprisonment.
(b) In Case No. 15,141, arising out of the rape committed on September 8, 1971, Davis was sentenced to serve a term of life imprisonment, said term to be consecutive with and not concurrent with the sentence imposed in Case No. 15,140.
(c) In Case No. 15,142, involving the rape committed on October 3, 1971, a sentence of life imprisonment was imposed to run consecutive with and not concurrent with the sentence imposed in Case No. 15,141.
In short, effective April 20, 1972, Davis stood committed to the Mississippi State Penitentiary for a term equal to three times as many years as remained in his natural life.
On May 11, 1982, Davis brought the instant habeas corpus proceeding in the Circuit Court of Sunflower County, Mississippi. See Rule 8.07 of Uniform Criminal Rules of Circuit Court Practice. In his petition, Davis alleged that he had been incarcerated for more than ten years, that he had, therefore, become eligible for consideration for parole [see Miss. Code Ann. § 47-7-3 (1972)], but that the State of Mississippi, via its officials at the Mississippi State Penitentiary and serving on the Mississippi State Parole Board, had refused to consider his request for parole.
Upon more than adequate consideration of the matter, the Circuit Court held that Davis was entitled to no relief. More specifically, the Circuit Court held that the provision of Section 47-7-3 that a person under a life sentence becomes eligible for parole after ten years, when properly applied to this case, mandates that Davis not be eligible for parole until he has served thirty (30) years, ten (10) years for each life sentence, less thirty (30%) percent of his earned good time.

III.
The courts of this state always stand ready to entertain the habeas corpus petition of one incarcerated at the Mississippi State Penitentiary wherein he seeks to clarify his sentence. Watts v. Lucas, 394 So.2d 903, 903 (Miss. 1981); Hill v. State, 388 So.2d 143, 146 (Miss. 1980). Rule 8.07 of the Uniform Criminal Rules of Circuit Court Practice provides a procedure which may be invoked by prisoners seeking such relief. Suffice it to say that there are no procedural barriers to Davis petitioning for the relief sought below. The Circuit Court considered his petition on the merits, and we do likewise.
A prisoner has no automatic entitlement to parole. It may be granted or withheld by the state  to be sure, not arbitrarily  as a matter of grace. That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668, 677 (1979).
When Robert Lee Davis may rationally begin to hope for parole may be easily *264 determined by a consideration of two statutory enactments of the legislature of the State of Mississippi.
First, the legislature has enacted, in pertinent part, that
"Every prisoner who has been, or may hereafter be convicted of any offense of the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi State Penitentiary... for the term of his or her natural life, ... and who ... has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided."[1]
In view of this statutory language, the parole eligibility of a person serving a life sentence is clear. That person must have served at least ten years of his sentence before he is eligible for parole. Here, Davis has been sentenced to serve three consecutive life sentences. He nevertheless argues that he became eligible for parole at the conclusion of the first ten years.
The answer to Davis' contention is contained in the second statute to which we refer here, Miss. Code Ann. § 47-5-139(3) (1972) [formerly Miss. Code Ann. § 7944 (1942)]
"An offender under two or more consecutive sentences shall be allowed commutation based upon the total term of the sentences. Provided, that under consecutive life sentences, the commutation shall be based on the aggregate total arrived by multiplying the number of such sentences by ten years."
Section 47-5-139(3) mandates a simple mathematical process. We must multiply the number of life sentences imposed upon Davis by ten years to determine the date on which Davis becomes eligible for parole. Davis is serving three consecutive life sentences. Three times ten years equals thirty years.
According to the record, Davis was advised by officials at the Mississippi State Penitentiary that his parole eligibility date, as of April 29, 1982, was July 1, 1995. This was computed by the multiplication process mentioned above and thereafter deducting 30% of Davis' earned good time. Subject to variations which may lawfully occur in the amount of Davis' earned good time after April 29, 1982, Davis is hereby readvised that his parole eligibility date is July 1, 1995.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] This statutory language is found in § 47-7-3, Miss. Code Ann. (1972) as it read at the time relevant here. The same language appears in § 4004-03 Miss. Code Ann. (1942). Davis somehow has acquired the impression that something in this case turns on whether we travel under the 1942 Code or the 1972 Code, his offenses having been committed in 1971. In our view, the point is of no consequence.