853 So.2d 1277 (2003)
Christopher Jason SMITH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00100-COA.
Court of Appeals of Mississippi.
August 26, 2003.
*1278 Christopher Jason Smith, appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Christopher Jason Smith has appealed from an order of the Rankin County Circuit Court denying him relief on a pro se motion filed in October 2001 entitled "Motion to Order to Clarify Judgment of Sentence and/or Relief from Judgment or Order." This motion was filed seeking relief from a judgment of sentence entered on June 13, 2001, after Smith pled guilty to two pending felony charges in that court. Though neither Smith's motion nor the trial court's order denying relief mention the Mississippi post-conviction relief statute, we treat this proceeding as one brought under that statute since, insofar as we can decipher Smith's pro se motion, he contends that he is entitled to release from confinement because he has completed his sentence. Such relief is specifically authorized under Section 99-39-5(1)(g) of the Mississippi Code, which is a part of the post-conviction relief statutory provisions. Miss.Code Ann. § 99-39-5(1)(g) (Rev. 2000). We find no error in the trial court's decision and affirm.
¶ 2. Smith pled guilty to two felony counts and was sentenced to serve three years on each count. The judgment recited that the sentences would be served concurrently and, in addition, would be concurrent to a pending prison sentence imposed by the state of Texas. Thereafter, Smith filed a motion in which he appears to contend that he is entitled to release from confinement under the judgment in this state because the state of Texas has granted him parole. Smith asserted in his motion before the circuit court that, because his sentences in Mississippi were ordered to run concurrently with his sentence in Texas, he automatically became entitled to be released in this state when the state of Texas granted him parole.
¶ 3. The circuit court summarily denied relief, stating, in part, as follows:
It is clear from the Judgment of Conviction and Sentence Instanter entered in these causes the Court did not intend defendant to be released from the custody of the Mississippi Department of Corrections simply because he may have served a sufficient amount of time of the Texas sentence to be eligible for parole in the State of Texas, but the subject language in such judgment was for the purpose of allowing defendant to serve all of the sentences, both in Mississippi and Texas, concurrently.
¶ 4. It is from this order that Smith has appealed. In his brief to this Court, Smith departs from his original contention before the circuit court and attempts to claim ineffective assistance of counsel based on a number of complaints concerning the nature of his representation in the proceedings that ultimately led to his guilty pleas.
¶ 5. Smith is barred from raising issues of this nature for the first time in his appeal to this Court. See Miss.Code Ann. § 99-39-21(1) (Supp.2002); Williams v. State, 752 So.2d 477 (¶ 7) (Miss.Ct.App. 1999).
¶ 6. Even were we to assume for sake of argument that a liberal reading of Smith's pro se brief could be seen to preserve the claim advanced in the circuit court, we find his contention to be without legal merit. Smith's assertion that the term of his confinement in Mississippi *1279 must end at the time Texas authorities elect to grant him parole because the sentences were being served concurrently finds no support in any case law or learned treatise that this Court has been able to discover. In a somewhat similar situation, the Colorado Supreme Court offered these comments, which we find to properly answer Smith's contention.
Bullard [the prisoner] argues that the Montrose sentence is the "controlling" sentence, as well as the longer sentence, and, if it is complete, the El Paso sentence must be as well. Bullard's understanding of concurrent sentences is mistaken. When two sentences run concurrently, it merely means that, for each day in custody while serving both sentences, the inmate receives credit toward each sentence. Concurrent sentences do not necessarily begin and end at the same timethey simply run together during the time that they overlap.

Bullard v. Department of Corrections 949 P.2d 999, 1002 (Colo.1997) (emphasis supplied).
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.