CHANDLER, J.,
for the Court.
¶ 1. Arbon Lizana was sentenced for three counts of sale of a controlled substance. He is serving three consecutive sentences totaling fifty-five years. Lizana argues that he is eligible for parole after serving ten years of his sentences. Accordingly, he filed a writ for habeas corpus to bring him before the Mississippi Parole Board. The parole board denied this request, and the Sunflower County Circuit Court held that it had no authority over the matter. Lizana appeals, raising the following issue:
WHETHER THE CIRCUIT COURT ERRED WHEN IT FAILED TO DETERMINE WHETHER MISSISSIPPI CODE SECTION 47-7-3 OBLIGATES APPELLEES TO BRING LIZANA BEFORE THE STATE PAROLE BOARD AFTER SERVING TEN YEARS ON A FIFTY-FIVE YEAR SENTENCE
*32 ¶ 2. Finding that Arbon Lizana’s sentence computations were incorrectly recorded, with the possibility that Lizana may currently be eligible for parole, we reverse and remand this matter to the Mississippi Parole Board.

FACTS

¶ 3. On January 13, 1986, Arbon Lizana was sentenced for three counts of sale of a controlled substance. He was sentenced to consecutive terms of seven, eighteen, and thirty years for a total term of fifty-five years in the custody of the Mississippi Department of Corrections (MDOC). On October 13, 1986, he was released on appeal bond and was re-confined on October 13, 1989. He was released on another appeal bond on April 13, 1992, and returned to custody on July 9, 1992. On June 13, 2003, Lizana filed a writ of habeas corpus to the Mississippi Parole Board, arguing that Mississippi Code Annotated Section 47-7-3 entitles him to parole after serving ten years in prison. This request was denied, because his sentence computation record showed his earliest parole date to be October 16, 2006, and his earliest release date to be March 23, 2015. Lizana appealed to the Sunflower County Circuit Court. The circuit court found that it had no authority to decide the case, because the Mississippi Parole Board has sole discretion to decide parole matters and because prisoners have no constitutionally recognized liberty interest in parole. Scales v. Mississippi State Parole Board, 831 F.2d 565, 566 (5th Cir.1987).[1]

ANALYSIS

WHETHER THE CIRCUIT COURT ERRED WHEN IT FAILED TO DETERMINE WHETHER MISSISSIPPI CODE SECTION 47-7-3 OBLIGATES APPELLEES TO BRING LIZANA BEFORE THE STATE PAROLE BOARD AFTER SERVING TEN YEARS ON A FIFTY-FIVE YEAR SENTENCE
¶ 4. There is an error Arbon Lizana’s sentence computation record. Both Liza-na and the Attorney General’s Office agree that Lizana’s parole and release dates are incorrectly calculated. Our calculations also suggest that Lizana might currently be eligible for parole. We reverse and remand to the Mississippi Parole Board to allow the board to make the exact calculations of Arbon Lizana’s parole and release dates.
1Í 5. Since his sentence, Lizana has twice been released on appeal bond and has spent time in federal custody. Lizana’s time sheet shows that he was given credit for the time he spent in federal custody. However, it also shows one serious error: the time Lizana was released on appeal bond, from March 21, 1986 to October 13, 1989, was added back to his time sheet twice. In computing Lizana’s time sheet, June 29, 1989, was used as the date his sentence began, instead of January 13, 1986. The parole board used June 29, 1989, as the day his sentence began because he was released for three years, 206 days on appeal bond.[2] In addition to using a later date as the day he began serving his sentences, the parole board also used *33 the time he spent on appeal bond to calculate later dates for which he would be eligible for parole and release from prison.
¶ 6. Using June 29, 1989, as Lizana’s sentence date was inappropriate because with less time to serve, there is less time for Lizana to work and earn trusty time.[3] The correct procedure is to use Lizana’s sentence date of January 13, 1986, less the thirty-three days he spent in jail before his sentence. In other words, his sentencing date shall begin on December 11, 1985. Then, the three years, nine and a half months he was released on both of his appeal bonds should be added back to his sentence.
(A) Lizana’s Tentative Release Date
¶ 7. Lizana is serving three consecutive sentences totaling fifty-five years. Because his sentence was imposed before June 30, 1995, he is entitled to receive credit for earned time amounting to fifty percent of his sentence. Miss.Code Ann. § 47-5-138(l)(Rev.2004). He is also entitled to receive meritorious earned time in the amount of ten days for every thirty after gaining trusty status, for a maximum of 180 days. Miss.Code Ann. § 47-5-142(4) (Rev.2004). In other words, Lizana may be eligible for release after serving twenty-seven years of his sentence, which began on December 11, 1985. The three years, nine and a half months on both appeal bonds will be added back to this sentence, and trusty time shall be subtracted from this sentence. He shall also receive credit for the three months, seven days he spent in jail, from September 18, 1986, to December 24, 1986. These calculations should result in a tentative release date of April, 2012. This matter will be remanded to the parole board to determine Lizana’s exact release date.
(B) Lizana’s Parole Eligibility Date
¶8. Lizana uses Mississippi Code Annotated Section 47-7-3(1) (Supp.1984) to argue that he is eligible for parole after serving ten years of his sentence.[4] This statute reads as follows:
Every prisoner who has been or may hereafter be convicted of any offense against the state of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi State Penitentiary for a definite term of terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the penitentiary, and who has served not less than one-fourth (1/4) of the total of such terms or terms for which such prisoner was sentenced, or, if sentenced for a term or terms of thirty (30) years or more, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for a term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided.
*34 ¶ 9. Lizana argues that he should be released after ten years. This is an incorrect application of the law, because Lizana is serving three separate sentences. Consecutive sentences with statutory minimums may not be combined for parole eligibility purposes. Milam v. State, 578 So.2d 272, 274 (Miss.1991); McGhee v. Johnson, 868 So.2d 1051, 1053(¶5) (Miss. Ct.App.2004) (citing Williams v. Puckett, 624 So.2d 496, 499-500 (Miss.1993)). Pursuant to these cases, he must serve ten years of his thirty year sentence, one-fourth of his seven year sentence, and one-fourth of his eighteen year sentence, for a total of sixteen years, three months. His parole eligibility date should be calculated in the same way as his tentative release date. This means his sentence date shall be calculated as beginning on December 11, 1985, and the three years, nine and a half months he was released on both appeal bonds will be added back to the time he needs to serve. These calculations should result in a release date of June, 2005, prior to calculating trusty time. Trusty time reduces the length of the sentences Lizana is required to serve, which in turn results in an earlier parole eligibility date. The matter is remanded to the parole board to calculate Lizana’s parole date.

CONCLUSION

¶ 10. The parole board is not required to place a prisoner on parole after a prisoner completes his sentences described in Mississippi Code Section 47-7-3. Because Mississippi parole statutes employ the word “may” rather than “shall,” prisoners have no constitutionally recognized interest in parole. Vice v. State, 679 So.2d 205, 208 (Miss.1996) (citing Smith v. State, 580 So.2d 1221, 1225-1226 (Miss.1991)); Harden v. State, 547 So.2d 1150, 1151-52 (Miss.1989). Nevertheless, the Attorney General’s Office has noted that Lizana’s computation record contains an error that makes it possible that Lizana might currently be eligible for parole. The parole board should have the opportunity to reconsider Lizana’s parole status in light of the computational error. We reverse and remand to the parole board for a re-calculation of Lizana’s parole eligibility date.[5] We emphasize that Lizana is not entitled to parole as a matter of law. The Mississippi Parole Board is free to grant or deny Arbon Lizana’s petition for parole, pursuant to the parole board’s exclusive authority on such matters. Miss.Code Ann. § 47-7-5 (Rev. 2004).
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS REVERSED AND REMANDED TO THE MISSISSIPPI PAROLE BOARD FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.

. The circuit court also held that it had no authority to grant the time he spent in federal custody to be applied to his State sentences. There is no issue to resolve, however, because his sentence computation record shows that he did receive credit for serving time in federal custody.

. The parole board did give Lizana credit for the 106 days he spent in custody prior to being released on appeal bond.

. See Miss.Code Ann. § 47-5-138.1 (Rev. 2004): "[A]n offender in trusty status as defined by the classification board of the Department of Corrections may be awarded a trusty time allowance of thirty (30) days' reduction of sentence for each thirty (30) days of participation during any calendar month in an approved program while in trusty status, including satisfactory participation in education or instructional programs, satisfactory participation in work projects and satisfactory participation in any special incentive program.” Arbon Lizana was granted trusty status in February, 2000.

. Lizana's parole eligibility is governed by the 1984 version of the Mississippi Code Annotated because he was sentenced in 1986. The 2004 version calculates parole eligibility in the same manner as the 1984 version.

. The Attorney General's Office has recommended that the matter be remanded to circuit court. We find that the circuit court has no authority to adjudicate the matter any hir-ther. A circuit court has no authority to determine parole eligibility. Cotton v. Mississippi Parole Bd., 863 So.2d 917, 921 n. 3 (Miss.2003).