# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00006-COA

DAVARRIUS BROWN A/K/A DEVARRIUS
DEONTAY GARRETT A/K/A DEVARRIUS
GARRETT A/K/A DEVARRIUS GARRETT
BROWN A/K/A DEVARIOUS DEONTAY
BROWN A/K/A DEVARIOUS GARRETT
BROWN A/K/A DEVARIOUS DONTAY BROWN
A/K/A DEVARRIOUS GARRETT A/K/A
DEVARRIUS D. GARRETT A/K/A DEVARRIUS
DEONTAY GARRETT BROWN A/K/A
DEVARIUS GARRETT BROWN A/K/A
DEVARIUS DEONTAY BROWN

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVARRIUS BROWN (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN JASON L. DAVIS ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/21/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

GREENLEE, J., FOR THE COURT:

¶1.     Davarrius Brown appeals pro se to this Court arguing that the Mississippi Department of Corrections (MDOC) incorrectly computed the date of his parole eligibility following

sentencing for his fifth and sixth felony convictions. Finding no error, we affirm.

## FACTS AND PROCEEDINGS BELOW

¶2.     In 2012, Brown pleaded guilty to one count of felony shoplifting, and had a previous nonadjudication for one count of felony shoplifting set aside. In 2013, Brown pleaded guilty to yet another count of felony shoplifting. For each of these three convictions, Brown was sentenced to ten years, with five years to serve followed by five years of post-release supervision. All together, the time to serve amounted to three consecutive five-year terms.[1] Brown was enrolled in the Intensive Supervision Program (ISP) and began serving these sentences under "house arrest."

¶3.     In May 2014, while still under the ISP and wearing an ankle monitor, Brown was arrested for felony shoplifting from a department store. Later that day, while still being processed in booking, Brown escaped police custody due to a faulty jail-cell door. The authorities promptly tracked him through his ankle monitor, and he was apprehended. Brown pleaded guilty to felony shoplifting and escape, and was sentenced in March 2015 to a total of fifteen years (ten for shoplifting and five for escape, with the sentences to run consecutively to each other). The 2015 sentencing order is silent as to how the new sentences should run in relation to the 2012 and 2013 sentences.

¶4.     Brown was not sentenced as a habitual offender. MDOC gave him a parole-eligibility date of January 21, 2020. This was calculated by first measuring twenty-five percent of his 2012 and 2013 consecutive sentences (3.75 years) followed consecutively by twenty-five

---

[1] The sentencing orders specified that the sentences were to run consecutively.

percent of his 2015 sentences (an additional 3.75 years). Brown filed a motion in the Circuit Court of Madison County, arguing that the 2012 and 2015 sentences should be treated as concurrent for purposes of calculating parole eligibility. Treating Brown's motion as a motion for post-conviction relief, the circuit court summarily dismissed it. Brown appeals.

## DISCUSSION

¶5.     An inmate may contest the computation of a parole-eligibility date as an original action in circuit court without first exhausting administrative remedies. *Keys v. State*, 67 So. 3d 758, 760 (¶9) (Miss. 2011); *Ducksworth v. State*, 103 So. 3d 762, 765-66 (¶14) (Miss. Ct. App. 2012); *Lattimore v. Sparkman*, 858 So. 2d 936, 938 (¶7) (Miss. Ct. App. 2003). The State failed to identify or distinguish this line of controlling cases in its brief, pointing instead to the requirement in Mississippi Code Annotated section 47-5-803 (Rev. 2015) that "no state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure." But as this Court discussed in detail in *Lattimore*, parole eligibility does not clearly fall under the purview of the administrative-review procedure. *Lattimore*, 858 So. 2d at 938 (¶7). Therefore we follow the rule that inmates may—but are not required to—use the administrative-review procedure as a way of challenging parole eligibility. *Id.*

¶6.     Brown's argument that he has a liberty interest in parole is without merit. Mississippi law is settled that criminal offenders have "no constitutionally recognized liberty interest in parole." *Vice v. State*, 679 So. 2d 205, 208 (Miss. 1996). By statute, the Mississippi Parole

3

Board has the exclusive responsibility and discretion over whether to grant an inmate parole. Miss. Code Ann. § 47-7-3(3) (Supp. 2016).

¶7. Brown's argument that his sentences should run concurrently fails due to the provisions of Mississippi Code Annotated section 99-19-21(2) (Rev. 2015), which states:

> When a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-release supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. The term of imprisonment for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment . . . .[2]

Here, Brown was under the ISP for his 2012 convictions when he committed felony shoplifting. Following the requirement that his new sentences "shall not run concurrently with any preceding term of imprisonment," his 2012 and 2015 sentences must be treated as running consecutively. *Id*. When arriving at Brown's January 2020 parole-eligibility date, MDOC did not err in placing the minimum he must serve on his 2015 sentences consecutive to the minimum he must serve on his 2012 and 2013 sentences.

¶8. Brown points to the general rule that when a sentencing order is silent as to how two sentences will run in regard to each other, the sentences will be construed as running concurrently. *Shinn v. State*, 74 So. 3d 901, 906 (¶14) (Miss. Ct. App. 2011). However, as discussed above, this rule is not applicable to the circumstance where the new crime was committed while the defendant is still under supervision for a previous conviction. We also note that "[c]oncurrent sentences do not necessarily begin and end at the same time—they

---

[2] *See also* Miss. Code Ann. § 47-7-29 (Rev. 2015).

4

simply run together during the time that they overlap." *Smith v. State*, 853 So. 2d 1277, 1279 (¶6) (Miss. Ct. App. 2003). Therefore even if we had grounds to find that Brown's sentences should run concurrently, his 2015 sentence would not date back to 2012 as Brown argues.

**CONCLUSION**

¶9.     This Court has jurisdiction to hear Brown's argument that his parole-eligibility date was incorrectly calculated. However, Brown's 2013 and 2015 sentences may not be served concurrently pursuant to Mississippi Code Annotated section 99-19-21(2). We therefore affirm the circuit court's denial of relief.

¶10.    **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WESTBROOKS, JJ., CONCUR.  WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**