# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00734-COA

**CLIFTON DAVENPORT A/K/A CLIFTON D. DAVENPORT A/K/A CLIFF DAVENPORT A/K/A CLIFFORD DAVENPORT**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/23/2018 |
| TRIAL JUDGE: | HON. MARGARET CAREY-McCRAY |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CLIFTON DAVENPORT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/29/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Clifton Davenport filed a motion "to show cause" in the Washington County Circuit Court against the Mississippi Department of Corrections (MDOC). Davenport's motion argued that MDOC mistakenly calculated his sentence and parole-eligibility date. The circuit court denied Davenport's motion and found that the Parole Board acted within its authority to determine when and if Davenport was parole eligible. After our review, we affirm the circuit court's denial.

## FACTS

¶2. Following a three-day crime spree in September 1991, Davenport was convicted of

robbery, armed robbery, and murder. In 1992, Davenport was sentenced to serve three years for robbery concurrent with a twenty-year sentence for armed robbery.[1] Additionally, Davenport was sentenced to serve a life sentence for murder to run consecutive to his sentence for armed robbery. While he was incarcerated in June 2000, guards at the Delta Correctional Facility found thirty grams of marijuana in his possession. The conviction for this offense resulted in an additional sentence to serve a consecutive three-year term without eligibility for parole.

¶3.    Initially, Davenport was set to be eligible for parole on October 24, 2011. The Parole Board, however, deemed Davenport ineligible. He was again denied parole in 2013. Since being incarcerated, Davenport has received thirty-two rule violations. The Parole Board granted Davenport parole from his life sentence on September 26, 2017, but Davenport still had to serve his additional three-year sentence for possession of drugs in prison. It is important to note that Davenport is currently scheduled for release on September 26, 2020. Davenport filed a motion to show cause in the circuit court and argued that he should have been paroled after serving twenty total years for his pre-2000 sentences (robbery, armed robbery, and murder). He blamed this denial of parole on a calculation error by MDOC. The circuit court, however, noted in its order that the Mississippi Parole Board determines parole eligibility, not MDOC. With that in mind, the circuit court denied Davenport's motion and

---

[1] The armed robbery sentence was backdated to November 7, 1991, due to a calculation error.

found that the Parole Board's decision was supported by substantial evidence and that it was not arbitrary or capricious.

## STANDARD OF REVIEW

¶4. "A trial court's dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous." *Dawkins v. State*, 991 So. 2d 189, 190 (¶3) (Miss. Ct. App. 2008) (citing *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)). Any issues of law are reviewed de novo. *Id*. (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## ANALYSIS

¶5. On appeal Davenport argues that MDOC violated his constitutional rights when it did not conduct a parole hearing in 2011. Davenport claims that this decision was arbitrary and superseded MDOC's authority. Because the circuit court denied his motion to show cause that asserted these same claims, Davenport argues that the circuit court erred.

¶6. The State argues that Davenport's appeal stems from MDOC's administrative remedy program (ARP). We disagree and find, for the reasons set forth below, that the circuit court properly treated Davenport's motion as a request for post-conviction collateral relief (PCR).

¶7. First, Davenport filed his petition initially in Lauderdale County, where he was incarcerated. The circuit court's staff attorney sent Davenport a letter that indicated: "It appears you were sentenced in Washington County. I am returning your materials to you so that they can be filed in the appropriate county." While Lauderdale County was the proper

3

venue to hear an ARP appeal, Washington County, where Davenport was sentenced, was the appropriate venue for his PCR motion. *Roberts v. Miss. Dep't of Corrs.*, 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2017) (holding that the county in which the inmate is incarcerated is the proper venue for an ARP appeal); *Maston v. State*, 768 So. 2d 354, 355 (¶¶3-5) (Miss. Ct. App. 2000) (noting that an inmate must file a PCR motion in the county where he was convicted). Davenport then filed his motion in the Washington County Circuit Court, indicating his intent to file a PCR motion. Further, it should be noted that the civil cover sheet was marked as a PCR, instead of an appeal of an administrative decision.

¶8. Next, Davenport filed his "Petition for an Order to Show Cause" in the circuit court and stated:

> [T]his Court has jurisdiction to hear this Motion on the merits. An inmate may contest the computation of his parole-eligibility date without first exhausting administrative remedies. *Keys v. State*, 67 So. 3d 758, 760 (¶9) (Miss. 2011); *Ducksworth v. State*, 103 So. 3d 762, 765-66 (¶14) (Miss. Ct. App. 2012); *Lattimore v. Sparkman*, 858 So. 2d 936, 938 (¶7) (Miss. Ct. App. 2003).

Davenport correctly cited the supreme court's decision in *Keys*, and noted that he may appeal the calculation of his parole-eligibility date without first exhausting all administrative remedies. *Keys*, 67 So. 3d at 760 (¶¶8-9). While Davenport noted that he "did file an Administrative Remedy on these issues," we find that the circuit court properly treated Davenport's filing as a PCR motion.

¶9. Davenport first claims that MDOC incorrectly applied the holding in *Keys* when it determined he was ineligible for parole in 2011. Because of that, he claims he suffered a

4

constitutional violation. However, both of these grievances are unsupported by the law.

¶10. Davenport's assumptions concerning the decision in *Keys* are unfounded. Kenneth Keys was ordered to serve a life sentence after he pled guilty to murder. *Keys*, 67 So. 3d at 759 (¶2). While released on parole, Keys was charged with simple assault of a police officer, convicted, and sentenced to serve an additional five-year term. *Id*. at (¶3). After he was denied parole, Keys filed a motion that claimed he was entitled to parole on his life sentence regardless of his ineligibility based on his additional five-year sentence for simple assault of a police officer. *Id*. at (¶4). The supreme court held that although Keys was eligible for parole on his life sentence, "he then must begin serving his mandatory five-year sentence." *Id*. at 761 (¶12).

¶11. Like in *Keys*, Davenport was granted parole on his life sentence in 2017, at which point he began serving his mandatory three-year sentence on his drug-possession charge. The holding in *Keys* supports the decision of the Parole Board. Davenport may have qualified for parole on his life sentence, but now "he must begin serving his mandatory [three-year] sentence." *Id*. His claim that the Parole Board, and ultimately the trial court, improperly applied *Keys* is incorrect.

¶12. Secondly, Davenport argues that he was denied his constitutional rights to parole. In Mississippi, a prisoner is afforded no constitutionally recognized liberty interest in parole. *Scales v. Miss. State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987). The Parole Board has complete discretion over matters of parole and the exclusive authority to grant or deny a

5

prisoner's parole. *Id*. The supreme court has explained as follows:

> A prisoner has no automatic entitlement to parole. It may be granted or withheld by the state—to be sure, not arbitrarily—as a matter of grace. That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained.

*Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983). Additionally, in *Mitchell*, the supreme court noted that "the granting of parole or denial of parole under [Mississippi Code Annotated section] 47-7-3 is the exclusive responsibility of the parole board, which is independent of the circuit court's sentencing authority." *Mitchell v. State*, 561 So. 2d 1037, 1039 (Miss. 1990). As the supreme court explained, Davenport's parole is the exclusive responsibility of the Parole Board and outside of the circuit court's sentencing authority. The Parole Board did not act arbitrarily, and the decisions of the Board and the circuit court were supported by substantial evidence. In light of that, we find no error in the circuit court's denial of Davenport's motion.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**