# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01053-COA

**EDMOND BURTON A/K/A EDMONDS BURTON A/K/A EDMUND BURTON**  APPELLANT

**v.**

**STATE OF MISSISSIPPI AND MISSISSIPPI DEPARTMENT OF CORRECTIONS**  APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 08/22/2024 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMOND BURTON (PRO SE) |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WILLIAM R. COLLINS |
| | KRISTI DUNCAN KENNEDY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION | AFFIRMED - 08/26/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, P.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Edmond Burton pled guilty to one count of robbery with a deadly weapon and one count of manslaughter in May 2009. The circuit court sentenced him to a term of 20 years in custody for robbery and a term of 20 years for manslaughter, to be served consecutively.

¶2.     In September 2023, Burton filed an "Inmate Request Form" with the Mississippi Department of Corrections inquiring about his parole eligibility date. His case manager advised him that he was "N[ot] E[ligible] until 1/26/2025 when your Arm[ed] Robbery charge is completed." However, Burton's "Inmate Time Sheet" from MDOC listed his parole eligibility date as January 21, 2027.

¶3. Five months later, Burton filed a "Petition to Correct Eligibility Date" with the Lauderdale County Circuit Court. He alleged the January 2027 date listed in MDOC records was error because it was "an accumulation of 'both' [his] sentence percentages," combining "Sixty percent (60%) of the Armed Robbery Sentence AND Fifty percent (50%) of the Manslaughter Sentence." He asserted, "My time computation sheet should reflect a parole date of July 1, 2021," and asked the court to "correct" his MDOC files to reflect that he "[was] 'currently' eligible for parole, on the charge of Armed Robbery."

¶4. After summonses were issued and authorities served, MDOC filed an answer. MDOC's position was that Burton was serving two consecutive sentences that both had statutory minimums, so his parole eligibility date had to be calculated as to each sentence. MDOC further explained that he would not be parole eligible until he served 12 years on his armed robbery sentence and 10 years on his manslaughter sentence, totaling 22 years.

¶5. The circuit court found that he was required to serve 12 years for robbery and 10 years for manslaughter and was not entitled to an earlier parole-eligibility date. The court denied Burton's petition to correct his parole eligibility date and noted that he "is still incarcerated at th[e] time" of judgment, dated August 22, 2024. Burton appeals.

## DISCUSSION

¶6. Burton argues that the trial court improperly calculated his parole eligibility date. After review, we find the circuit court correctly determined Burton's parole eligibility date and affirm the denial of his motion.

¶7. "An inmate may contest the *computation* of a parole-eligibility date as an original

2

action in circuit court without first exhausting administrative remedies." *Brown v. State*, 230 So. 3d 1069, 1070 (¶5) (Miss. Ct. App. 2017) (emphasis added). It is well established that "[c]onsecutive sentences with statutory minimums may not be combined for parole eligibility purposes." *Lizana v. Scott*, 910 So. 2d 31, 34 (¶9) (Miss. Ct. App. 2005). Put differently, the statutory minimums required to be served cannot overlap for consecutive sentences. *See Brown*, 230 So. 3d at 1071 (¶8).

¶8. For instance, a defendant was "sentenced to serve three consecutive life sentences" in *Davis v. State*, 429 So. 2d 262, 264 (Miss. 1983). The statutory minimum for a life sentence at that time required that the "person must have served at least ten years of his sentence before he is eligible for parole." *Id*. The trial court found his parole eligibility date would not be "until he ha[d] served thirty (30) years, ten (10) years for each life sentence[.]" *Id*. at 263. Davis "argue[d] that he became eligible for parole at the conclusion of the first ten years" that he was incarcerated. *Id*. at 264.

¶9. Our Supreme Court found that statutory law "mandates a simple mathematical process" in which "[w]e must multiply the number of life sentences imposed upon Davis by ten years to determine the date on which Davis becomes eligible for parole." *Id*. The Court stated, "Davis is serving three consecutive life sentences. Three times ten years equals thirty years" from his sentencing to his date of parole eligibility. *Id*.

¶10. In another case, the defendant was given three consecutive sentences. *Lizana*, 910 So. 2d at 34 (¶9). In reviewing his parole eligibility date, this Court stated: "he must serve ten years of his thirty year sentence, one-fourth of his seven year sentence, and one-fourth of his

eighteen year sentence, *for a total of* sixteen years, three months." *Id*. (emphasis added).

¶11.    Here, Burton was convicted of two different crimes, robbery with a deadly weapon and manslaughter, and he was given two separate, *consecutive* 20-year sentences. As Burton concedes, both of his sentences have statutory minimums.[1] He must serve 12 years of his 20-year sentence for robbery, followed by 10 years of his 20-year sentence for manslaughter, for a total of 22 years. This is the *exact* result the circuit court reached when it found Burton "would only be eligible for parole after serving twenty-two (22) years."[2]

¶12.    Given he was sentenced in 2009, the date he would be eligible for release on parole could not have been in 2021 as he claimed.  Therefore, the circuit court correctly denied Burton's petition, declining to advance Burton's parole eligibility date earlier than MDOC's listed date in January 2027.

¶13.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

---

[1] Mississippi Code Annotated section 47-7-3 currently states, "persons sentenced for robbery with a deadly weapon . . . shall be eligible for parole only after having served sixty percent (60%) or twenty-five (25) years, whichever is less[.]" The statute also provides that "[a] person who is sentenced for a violent offense," which includes manslaughter, "shall be eligible for parole only after having served fifty percent (50%) or twenty (20) years, whichever is less[.]" Miss. Code Ann. § 47-7-3(1)(h)(i)(2) (Supp. 2024).

[2] Burton protests the *wording* of his sentencing order—specifically, in one spot of the circuit court's order, there is a sentence stating that he would be parole eligible only after serving "twenty-two (22) years."  Nevertheless, he seems to agree that he has to serve a mandatory 12-year sentence for robbery *and* a mandatory 10-year sentence for manslaughter, *consecutively*. Therefore, the relief he requests is nothing different than what the circuit court's order already conveys.