# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01044-COA

**WILLIAM ANTONIO AVERY A/K/A WILLIAM A. AVERY A/K/A WILLIAM AVERY A/K/A KEN**                              APPELLANT

v.

**STATE OF MISSISSIPPI AND MISSISSIPPI DEPARTMENT OF CORRECTIONS**                              APPELLEES

DATE OF JUDGMENT:            08/28/2024
TRIAL JUDGE:            HON. ROBERT THOMAS BAILEY
COURT FROM WHICH APPEALED:            LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:            WILLIAM ANTONIO AVERY (PRO SE)
ATTORNEY FOR APPELLEES:            OFFICE OF THE ATTORNEY GENERAL
            BY:  WILLIAM R. COLLINS
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:            REVERSED AND REMANDED - 11/25/2025
MOTION FOR REHEARING FILED:

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.    We reverse the trial court's order summarily dismissing William Antonio Avery's motion for post-conviction relief (PCR) and remand for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2.    In 2002, in Cause No. 645-02, Avery was indicted for a drug offense with an enhancement for possessing a firearm.  In 2003, Avery pled guilty, and the court sentenced him to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with five years to serve, ten years suspended, and five years of reporting post-release

supervision (PRS). Avery was released on parole in 2004, but in 2010 he violated the terms of his PRS by committing new crimes. *See infra* ¶4. The court revoked his suspended sentence and ordered him to serve the remainder of his ten-year sentence. *See Avery v. State*, 102 So. 3d 1178, 1179 (¶2) (Miss. Ct. App. 2012).

¶3. In 2006, while on parole, Avery was indicted in Cause No. 691-06 for selling cocaine within 1,500 feet of a church. In 2009, he pled guilty, and the court sentenced him to thirty years in MDOC custody, with twenty-nine years and 359 days suspended, five years of reporting PRS, and five years of non-reporting PRS.[1] In 2010, Avery violated the terms of his PRS by committing new crimes, *see infra* ¶4, and the court revoked his PRS and suspended sentence and ordered him to serve the remainder of his sentence. *See Avery v. State*, 95 So. 3d 765, 766 (¶2) (Miss. Ct. App. 2012); *Avery v. State*, 179 So. 3d 1182, 1183-86 (¶¶2-6) (Miss. Ct. App. 2015).

¶4. In 2010, Avery was indicted in Cause No. 439-10 for felony fleeing and selling cocaine as a subsequent drug offender and nonviolent habitual offender. Following a jury trial, Avery was convicted and sentenced to concurrent terms of five years and sixty years as a habitual offender. The court ordered Avery's sentences to run consecutively to his sentences in Cause Nos. 645-02 and 691-06. *See Avery v. State*, 119 So. 3d 329, 331-32 (¶1) (Miss. Ct. App. 2012), *aff'd,* 119 So. 3d 317 (Miss. 2013). In 2021, following an order by the Mississippi Supreme Court, *Avery v. State*, No. 2013-M-01622 (Miss. June 17, 2021) (en banc order), the trial court reduced Avery's sixty-year sentence to thirty years. Finally, on

---

[1] As part of Avery's plea deal, his PRS and suspended sentence in Cause No. 645-02 were not revoked as a result of his 2006 offense in Cause No. 691-06.

November 14, 2023, the trial court entered an order granting Avery eligibility for parole in Cause No. 439-10 notwithstanding his status as a habitual offender. *See* Miss. Code Ann. 47-7-3(1)(h)(iv) (Rev. 2023).

¶5. In 2024, Avery filed a PCR motion asking the trial court to "calculate a lawful parole date pursuant to state law." Avery attached his MDOC inmate timesheet showing a parole date of November 14, 2033, which he alleged MDOC had miscalculated. Without directing the State to file a response, the trial court summarily denied Avery's PCR motion. The court stated that its prior order granting parole eligibility did "not order MDOC nor the Parole Board to grant [Avery] a parole hearing. It simply *authorizes* the Parole Board to consider him for parole despite his habitual offender status."

¶6. On appeal, MDOC concedes that the trial court "did not address [Avery's] argument that MDOC was miscalculating his parole date." MDOC also concedes that Avery's inmate timesheet is "inaccurate" and "backwards" because it indicates that he will serve his sentence in Cause No. 439-10 before his prior sentences, rather than vice versa. *See* Miss. Code Ann. § 47-7-29 (Rev. 2023); Miss. Code Ann. § 99-19-21(2) (Rev. 2020). However, MDOC argues that we should affirm the trial court's order because MDOC "does not agree with [Avery's] arguments on how he thinks his parole eligibility should be calculated."

## ANALYSIS

¶7. The trial court may summarily deny or dismiss a PCR motion only "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev.

3

2020). Summary "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000). We review the summary dismissal of a PCR motion de novo. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999); *Nichols v. State*, 265 So. 3d 1239, 1241 (¶6) (Miss. Ct. App. 2018).

¶8. A prisoner is entitled to file a PCR motion to contest MDOC's calculation of his parole eligibility date. *Keys v. State*, 67 So. 3d 758, 760 (¶¶8-9) (Miss. 2011). That is what Avery did in this case. Moreover, it is not clear—and MDOC does not explain—how MDOC calculated Avery's parole date to be November 14, 2033. For some reason, MDOC appears to have set Avery's parole date exactly ten years from the date of the trial court's order granting him parole eligibility in Cause No. 439-10. However, no legal basis for that calculation is apparent on the present record. Therefore, we cannot say that it is "beyond a doubt that [Avery] can prove no set of facts in support of his claim which would entitle him to relief." *Santiago*, 773 So. 2d at 924 (¶11). For that reason, Avery's PCR motion should not have been summarily dismissed.

¶9. Because Avery's PCR motion is sufficient to survive summary dismissal, the State should be required to answer the motion and provide an explanation of the legal basis for its calculation of Avery's parole eligibility date. Miss. Code Ann. § 99-39-11(3). Therefore, we reverse the order summarily dismissing Avery's PCR motion and remand the case for such further proceedings.

¶10. **REVERSED AND REMANDED.**

4

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR. LAWRENCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WEDDLE, J.**

**LAWRENCE, J., DISSENTING:**

¶11. I respectfully dissent from the majority's opinion holding that Avery's PCR motion should not have been summarily dismissed. The exclusive authority to grant or deny parole is vested in the Mississippi Parole Board, as established by statute. *See* Miss. Code Ann. § 47-7-5(3) (Rev. 2023). The statute states that "the [parole] board shall have exclusive responsibility for the granting of parole as provided by Sections 47-7-3 and 47-7-17." *Id.* The statute does not give the judiciary this authority. *See id.* Indeed, "[t]he decision to grant parole does not rest with this Court." *Sinko v. State*, 192 So. 3d 1069, 1077 (¶25) (Miss. Ct. App. 2016) (emphasis added) (citing *Lizana v. Scott*, 910 So. 2d 31, 34 (¶10) (Miss. Ct. App. 2005)). The authority to grant or deny parole "is independent of the circuit court's sentencing authority." *Willard v. Miss. State Parole Bd.*, 212 So. 3d 80, 84 (¶12) (Miss. Ct. App. 2016) (citing *Hopson v. Miss. State Parole Bd.*, 976 So. 2d 973, 975 (¶6) (Miss. Ct. App. 2008)). "[P]arole eligibility is a matter of legislative grace, and the grant or denial of parole is entirely at the discretion of the Parole Board. *Garlotte v. State*, 915 So. 2d 460, 466 (¶19) (Miss. Ct. App. 2005) (citing *Shanks v. State*, 672 So. 2d 1207, 1208 (Miss. 1996)). The Parole Board has complete discretion over matters of parole . . . ." *Davenport v. State*, 284 So. 3d 798, 801 (¶12) (Miss. Ct. App. 2019) (citing *Scales v. Miss. State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987)).

¶12. I agree with the majority that "a prisoner is entitled to file a PCR motion to contest

5

MDOC's calculation of his parole eligibility date," citing *Keys v. State*, 67 So. 3d 758, 760 (Miss. 2011). I am not so certain that is what Avery did. In Avery's PCR motion, he requested that the circuit court "calculate a lawful parole date" and "leave MDOC with a court order that instructs MDOC on the exact date [Avery's] parole date is to be set at." In his brief to this Court, Avery asserted that "the circuit court erred in not calculating a lawful parole date." But that authority is held by the parole board.[2] Miss. Code Ann. § 47-7-5(3) (Rev. 2004); *Davenport*, 284 So. 3d at 801 (¶12). Therefore, the circuit court came to the proper result in summarily dismissing Avery's PCR motion because the parole board had exclusive authority to grant or deny parole. Miss. Code Ann. § 47-7-5(3). For this reason, I respectfully dissent.

**WEDDLE, J., JOINS THIS OPINION.**

---

[2] MDOC's brief admitted that Avery's inmate time sheet was inaccurate. Surely MDOC has corrected a time sheet they admit was calculated in error. If not, the circuit court may certainly need to order that correction since this court is remanding.