584 So.2d 777 (1991)
Daniel ROSS III
v.
STATE of Mississippi.
No. 89-KP-0943.
Supreme Court of Mississippi.
August 7, 1991.
*778 Daniel Ross, pro se.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and McRAE, JJ.
PRATHER, Justice, for the court:

I. INTRODUCTION

A.
Daniel Ross III, an inmate at South Mississippi Correctional Institution in Leakesville, complains in this appeal that prison officials breached their promise to award him "Meritorious Earned Time" for participating in various incentive programs. He contends that he is entitled to receive 180 days' credit toward his sentence. The Greene County Circuit Court rejected Ross' contention. This Court affirms in part, and reverses and remands in part.

B.
Ross explains that, during the months of May through August 1986, he participated in and satisfactorily completed the "Field Operation Program," the "Alcohol and Drug Rehabilitation Program," the "Utility Work Crew [Program]," the "Vocational Rehabilitation and Educational Program," and the "Welding and Cutting Course." When Ross learned that he did not receive "Meritorious Earned Time" which is credited against an inmate's sentence for completion of these programs, he sought answers from the program supervisors. Only one supervisor responded:
The reason that no met. earned time has been turned in for you [for the Vocational Rehab. Program and the Welding Course] is because of the days you missed while attending school 

*779 For April, May and June of 1987 you missed 8 school days, and for July, Aug. and Sept. you missed 9 school days, and for Oct., Nov. and Dec. you missed 11 school days, and these are the reasons we feel you don't deserve any Met. time 
Feeling aggrieved, Ross filed a "MOTION FOR MERITORIOUS EARNED TIME, AND/OR IN ALTERNATIVE SHOW PROBABLE CAUSE" in the Greene County Circuit Court. In his motion, Ross contends that he should have been awarded the credit because he satisfactorily completed the programs. Judge Darwin Maples did not hold an evidentiary hearing; he simply perused the substance of the motion and various attached exhibits and then overruled the motion on the ground that "inmate should [have] follow[ed] established procedure." Ross appealed.

II. ANALYSIS: Whether the Trial Judge Erroneously Overruled Ross' Motion?

A.
Ross contends that the judge erroneously overruled his motion because the unexplained failure to award him meritorious earned time amounted to a violation of his federal and state constitutional rights to due process and equal protection. Perusal of statutory and case law provides some insight into the validity of this contention.
Mississippi statutory law provides in pertinent part:
In order to provide incentive for offenders to achieve positive and worthwhile accomplishments for their personal benefit or the benefit of others, and in addition to any other administrative reductions of the length of an offender's sentence, any offender shall be eligible, subject to the provisions of this section, to accrue meritorious earned time as distinguished from earned time for good conduct and performance.
Subject to approval of the terms and conditions of the program or project, meritorious earned time may be awarded for the following: (a) successful completion of educational or instructional programs; (b) satisfactory participation in work projects; and (c) satisfactory participation in any special incentive program.
MISS. CODE ANN. §§ 47-5-142(1) & (2) (1990 Supp.). Statutory construction of the phrase  "meritorious earned time may be awarded"  leads this Court to conclude that an inmate's earning of "time" is a matter of grace or privilege. Earning of "time" would have been deemed a matter of right if the legislature had employed the word "shall" instead of "may." In other words, correctional officials are vested with discretionary power to award time under certain conditions and, therefore, inmates are not entitled to it. This logic is critical to the disposition of Ross' contention that his constitutional rights were violated when the supervisors failed to award him time; it is critical because two U.S. District Courts have utilized similar logic to reject contentions similar to Ross'. The district court in Ivy v. Reed rationalized that no constitutionally-recognized interests are involved in a scheme which makes the awarding of meritorious earned time a matter of grace, privilege, or discretion  as opposed to a matter of right. 1985 WESTLAW 1804 (N.D.Ill. 1985) (unpublished opinion). And in Ramsey v. Ciccone, the district court rationalized that, where acquisition of meritorious earned time is a "privilege" rather than a "right," the "according of [time] to some and denial to others could not in any way constitute a denial of equal treatment" under constitutional law. 310 F. Supp. 600, 604 (W.D.Mo. 1970).
Mississippi law pertaining to the granting of parole is analogous. Because statutory law provides that an inmate may  as opposed to shall  be paroled under certain conditions, this Court has held that the inmate "has no automatic entitlement to parole," and "it may be granted ... as a matter of grace." Davis v. State, 429 So.2d 262, 263 (Miss. 1983) (citing Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668, 677 (1979)). The Fifth Circuit Court of Appeals similarly held that the state's statutory scheme "confer[s] absolute discretion on the Parole *780 Board to grant or deny parole [and therefore] afford[s] no constitutionally recognized liberty interest ... sufficient to trigger due process considerations." Scales v. Mississippi State Parole Bd., 831 F.2d 565, 565-66 (5th Cir.1987). "That the [S]tate holds out the possibility of parole provides no more than mere hope that the benefit will be obtained." Davis, 429 So.2d at 263.
In sum, this Court on the basis of the foregoing rejects Ross' contention that the failure to award him meritorious earned time was violative of his federal and state constitutional rights. See also Carney v. State, 525 So.2d 776, 782 (Miss. 1988) ("[S]ubject to the guidance of federal law, Mississippi [j]urisprudence will control the resolution of issues involving rights which are adequately and independently secured by the laws of this State.") (citing Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)).

B.
Constitutional law aside, this Court partially accepts Ross' contention in view of the evidence contained in the record.
Ross contends that he participated in and successfully completed various programs. However, the supervisor of the "Vocational Rehabilitation and Educational Program" and the "Welding and Cutting Course" disagrees; he refused to award Ross meritorious earned time because he missed too many classes. This is deemed a sufficient reason for the refusal.
The record contains no documentary evidence to support Ross' contention that he participated in and satisfactorily completed the "Field Operation Program" and "Utility Work Crew [Program]." On the other hand, the record contains no evidence to the contrary.
The record does contain evidence that Ross "satisfactorily completed" the remaining program  the "Alcohol and Drug Rehabilitation Program." This evidence consists of a certificate on which the following language is imprinted: "Department of Alcohol And Drug Rehabilitation HEREBY CERTIFIES THAT Daniel Ross HAS SATISFACTORILY COMPLETED THE COURSE OF STUDY OF THE Alcohol And Drug Studies Program AND IN TESTIMONY THEREUNTO IS ISSUED THIS CERTIFICATE." The certificate is dated "August 29, 1986" and is signed by the "Program Director" and by the "A.D.T.C. Coordinator." No one disputes the authenticity of this certificate, and the record contains no evidence to explain the supervisor's failure to award Ross the time which the certificate implies he has earned. Indeed, the supervisor never even responded to Ross' request for an explanation. The State contends that a letter addressed to Ross from Chuks Agusiegbe, Assistant Chief Records Officer at Parchman, indicates that Ross failed to comply with the "terms and conditions governing the awarding of meritorious earned time." Appellee's Brief at 4. The State grossly misconstrues this letter. The letter does not indicate that Ross failed to comply with "terms and conditions." Agusiegbe wrote the letter in response to Ross' inquiry:
Dear Mr. Ross III,
The reason your projected parole eligibility date and projected discharge date have not changed is that no meritorious earned time slip has been turned in, received and/or approved for you.
Per your letter of February 23, 1989, you indicated that you have worked on Field Operation, Alcohol and Drugs Program, and Utility Crew, to mention but a few. Let me suggest that you contact your Work Supervisors and request that they send in your meritorious earned time slips to the Superintendent's Office for approval.
Records Department is not authorized to credit time by proxy... .
 Sincerely,
 s/Mr. Chuks Agusiegbe
 Assistant Chief Records Officer
Judge Maples also seems to have erroneously relied upon this letter to support his decision that Ross did not receive "time" because he failed to "follow established procedure." The gist of all this is: (1) the failure to award Ross "time" for satisfactorily completing the Alcohol and Drug Rehabilitation *781 Program is unexplained; (2) the judge should have required correctional officials to explain or "show cause" for their failure; and (3) because the judge did not do this, the record is devoid of even a scintilla of evidence to contradict Ross' contention. This Court therefore reverses and remands for an evidentiary hearing on why correctional officials failed to award Ross meritorious earned time vis-a-vis the "Alcohol and Drug Rehabilitation Program." If correctional officials do not sufficiently explain or "show cause" for their failure, then time must be awarded pursuant to legislative intent and principles of fairness. Cf. Freeman v. Lane, 129 Ill. App.3d 1061, 85 Ill.Dec. 216, 218, 473 N.E.2d 584, 586 (1985) (In this case, the court reversed and remanded after concluding that "there is nothing in the record ... contradicting" the inmate's claim that he should have been awarded meritorious earned time.).
In sum, the evidence seems to indicate that, due to absenteeism, Ross is not entitled to receive credit for participating in the "Vocational Rehabilitation and Educational Program" and the "Welding and Cutting Course." However, the record contains no evidence which contradicts Ross' contention that he is entitled to credit for participating in and satisfactorily completing the "Field Operation Program" and "Utility Work Crew [Program]." Finally, the record contains uncontradicted evidence that Ross participated in and satisfactorily completed the "Alcohol and Drug Rehabilitation Program." With the foregoing in mind and in view of the scant record containing little or no evidence to support either side of this conflict, this Court is compelled to reverse and remand this case for a full evidentiary hearing to determine whether any or all of Ross' contentions are meritorious.

III. CONCLUSION
Albeit constitutional law is impertinent to the disposition of the issue presented by Ross, this Court's holding is guided by principles of fairness and legislative intent. As quoted in Section II(A) of this opinion, the legislature enacted § 47-5-142 in order "to provide incentive for offenders to achieve positive and worthwhile accomplishments." This purpose is laudable and must not be circumvented by disregard of an inmate's (non-constitutional) right to receive earned meritorious time.
REVERSED AND REMANDED FOR AN EVIDENTIARY HEARING.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.