LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Forrest Thomas pleaded guilty in the Washington County Circuit Court to manslaughter and kidnapping. Thomas had killed his ex-wife and kidnapped their two children. His ex-wife had custody of the children, and an active restraining order was on file against Thomas at the time. Thomas was sentenced to serve twenty *1048 years on the manslaughter conviction and fifteen years on the kidnapping conviction, with the kidnapping sentence to run consecutively to the manslaughter sentence. Thomas timely filed his motion for post-conviction relief. The trial court denied Thomas’s motion.
¶ 2. In his appeal, Thomas argues he was not guilty of kidnapping, and his trial counsel was ineffective.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial or dismissal of a motion for post-conviction relief, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009).
DISCUSSION
I. KIDNAPPING CONVICTION
¶ 4. Thomas argues he could not have been guilty of kidnapping because he was the father of the two children, and their mother, his ex-wife, was deceased at the time he kidnapped them; thus, the removal of the two children could not have been “against the will of their mother” as charged in the bill of information.[1] However, “[a] guilty plea[ ] waive[s] all technical and non-jurisdictional issues in a bill of information just as it does for such defects in an indictment.” McCullen v. State, 786 So.2d 1069, 1075 (¶ 12) (Miss.Ct.App.2001). “[A] valid guilty plea admits all elements of a formal charge.... ” Reeder v. State, 783 So.2d 711, 720 (¶ 36) (Miss.2001). During his plea colloquy, Thomas admitted that he had kidnapped his children against the will of their mother. Solemn declarations in court carry a strong presumption of verity. Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss.1999). This issue is without merit.
II. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 5. Thomas next contends his trial counsel was ineffective for purportedly advising him that Thomas could “beat” the kidnapping charge on appeal. In order to prevail on an ineffective-assistance-of-counsel claim, Thomas must show: (1) his counsel’s performance was deficient, and (2) the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Thomas challenges a guilty plea based on ineffective assistance of counsel, he must show “counsel’s errors proximately resulted in the guilty plea and, but for counsel’s error, he would not have entered the guilty plea.” Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006).
¶ 6. In support of his contention, Thomas provides affidavits from his father and brother. In identical affidavits, the two men state the following:
During the course of a conversation by Mr. Walls [ (Thomas’s trial counsel) ] to Thomas and the family, Mr. Walls, in talking to [Thomas] about whether he should plead guilty to kidnapping, said that the issue of whether the kidnapping charge was a legitimate charge since it said “against the will of their mother” and the mother was deceased at the time he took the children ... “could be looked into in a Post[-]Conviction Petition” after the plea was over.
Thomas contends that if his trial counsel had not told him this, he would not have pleaded guilty to the kidnapping charge. *1049 However, as stated in the first issue, during Thomas’s plea colloquy, he admitted murdering his ex-wife and kidnapping their two children. Thomas also admitted he was satisfied with his trial counsel’s representation. Thomas further denied being threatened or pressured into pleading guilty. We reiterate that solemn declarations in court carry a strong presumption of verity. Gable, 748 So.2d at 706 (¶ 11). It is not clear from the record whether Thomas in fact pleaded guilty because his attorney advised him that he would be allowed to file for post-conviction relief. From the evidence presented, we cannot find Thomas received ineffective assistance of counsel. This issue is without merit.
¶ 7. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT.

. Prior to his guilty plea, Thomas waived the indictment and accepted the bill of information as the charging instrument. The bill of information is the functional equivalent of an indictment. McCullen v. State, 786 So.2d 1069, 1075 (¶ 12) (Miss.Ct.App.2001).