# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00996-COA

KEVERN FIELDS                                                                APPELLANT

v.

BRIAN LADNER AND CLASSIFICATION                          APPELLEES
HEARING OFFICERS

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/2016 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KEVERN FIELDS (PRO SE) |
| ATTORNEY FOR APPELLEES: | ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 08/29/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     Kevern Fields is an inmate in the custody of the Mississippi Department of

Corrections (MDOC). Fields was confined at the Central Mississippi Correctional Facility

(CMCF). In early 2016, Fields was issued two separate rule-violation reports (RVR) for

possessing various contraband items. After hearings on the two RVRs, Fields was found

guilty—and lost 180 days of earned time. Fields then appealed the decision with the

MDOC's administrative remedy program (ARP). Warden Brian Ladner affirmed Fields's

RVRs through the MDOC's ARP. Fields then appealed to the Rankin County Circuit

Court—which affirmed the MDOC's decision. Fields now appeals to this Court. Finding

no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. In 2013, Fields was convicted in the Madison County Circuit Court for two separate offenses of cocaine possession—one with an enhanced penalty. For the cocaine possession with the enhanced penalty, Fields was sentenced to twelve years in the custody of the MDOC; for the other cocaine possession, Fields was sentenced to five years in the custody of the MDOC. These two terms were ordered to run consecutively.

¶3. While housed as an inmate at CMCF, Fields was issued two separate RVRs, which are relevant to this appeal. The first RVR, issued on January 27, 2016, was for a bottle filled with homemade alcohol. Fields was given notice of his hearing, which was held on February 8, 2016. Fields admitted the bottle was his, and did not request any witnesses. At the hearing, Fields was found guilty based on the evidence presented. The second RVR, issued on February 3, 2016, was for multiple contraband items including a cell phone, a cell-phone charger, head phones, a pack of spice, multiple packs of tobacco, and a bottle of homemade alcohol. Fields was given notice of his disciplinary hearing, which was held on February 9, 2016. Fields did not request any witnesses for this RVR hearing, and was found guilty based on the evidence presented. As a result of the hearings, Fields lost 180 days of earned time.

¶4. On February 18, 2016, Fields filed two separate grievances with the MDOC's ARP. Fields claimed that he was not given a legible copy of the first RVR, issued in January. Additionally, as to the second RVR—issued in February—Fields claimed that the disciplinary official did not follow the MDOC's disciplinary procedures. On March 9, 2016, Ladner affirmed Fields's RVRs through the MDOC's ARP. Then Fields appealed to the

2

Rankin County Circuit Court—which affirmed the MDOC's decision. Fields now appeals to this Court.

## DISCUSSION

¶5. This Court will not disturb an administrative agency's decision on appeal "unless the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers or violated the constitutional or statutory rights of the aggrieved party." *Siggers v. Epps*, 962 So. 2d 78, 80 (¶4) (Miss. Ct. App. 2007) (citing *Edwards v. Booker*, 796 So. 2d 991, 994 (¶10) (Miss. 2001)). Indeed, "[t]here is a rebuttable presumption which favors the agency's decision and the challenging party has the burden of proving the contrary." *Ross v. Epps*, 922 So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006).

¶6. The MDOC's decision—as to both of Fields's RVRs—was supported by substantial evidence, was not arbitrary or capricious, was not beyond the agency's scope or powers, and did not violate his constitutional or statutory rights. As to the first RVR, Fields does not contest the circumstances surrounding the RVR itself; instead, Fields merely complains that he was not given a legible copy of the RVR—and so, he could not properly build a defense. As to the legibility of the RVR, the MDOC admits that the copy was not ideal. Even so, a review of the record shows that Fields was informed of the charge against him when he was issued the RVR. As for the second RVR, Fields makes a blanket assertion that the disciplinary official did not follow the MDOC's disciplinary procedures. Yet Fields fails to point to any specific reason for this claim. It is clear that he was given notice of his hearing, requested no witnesses, and failed to present any evidence at the hearing to refute the claim

3

of the found contraband.

¶7. On appeal, Fields argues that the contraband was not his, but was another inmate's—Tony Payton. In fact, Fields stated that he had left his locker open and asked Payton to lock his locker. Fields further stated that after the shakedown, Payton told him that he "would give him an affidavit stating what [he] [did]." But we find—as the circuit court found in its order—that the hearing officer simply did not believe the affidavit of Payton and instead relied upon the evidence that was presented.[1]

¶8. Also, underlying Fields's arguments on appeal is Fields's assertion that these various alleged errors violated his right to due process as it relates to the loss of his earned time. The Mississippi Supreme Court has held that earned time is a privilege and not a right. *Ross v. State*, 584 So. 2d 777, 779 (Miss. 1991). And so, an inmate has no vested liberty interest in receiving earned time. *Id*. Here, Fields seems to argue that his punishment—resulting in a loss of earned time—violated his right of due process. But as we stated above, meritorious earned time is a privilege and not a right, and therefore Fields's loss of earned time did not violate his federal or state constitutional rights.

¶9. In conclusion, having reviewed the record, we find the MDOC's decision was supported by substantial evidence, was within the agency's scope or powers, was not arbitrary or capricious, and did not violate Fields's constitutional or statutory rights. We

---

[1] The MDOC's brief states that Payton's affidavit was not presented until on appeal to the circuit court—after a finding of guilt. The MDOC's brief further states that Fields made no mention of calling Payton as a witness, nor mentioned him in the disciplinary hearings. Yet the circuit court's order stated that "[t]he hearing officer simply did not believe the affidavit of . . . Payton[.]" And so, it is not clear from the record when this affidavit was presented; nevertheless, it was found to be unpersuasive.

4

affirm the circuit court's judgment.

¶10.    **AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**