# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CP-00152-SCT

*FORREST THOMAS, III*

*v.*

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*
*AND GLORIA GIBBS, DIRECTOR OF RECORDS*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/2017 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| TRIAL COURT ATTORNEYS: | ANTHONY LOUIS SCHMIDT, JR. |
| | DARRELL CLAYTON BAUGHN |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | FORREST THOMAS, III (PRO SE) |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DARRELL CLAYTON BAUGHN |
| |      ANTHONY LOUIS SCHMIDT, JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED AND REMANDED - 03/15/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., COLEMAN AND MAXWELL, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     After exhausting the administrative remedies program within the Mississippi Department of Corrections, Forrest Thomas III appealed to the Marshall County Circuit Court for review of the Department's decision denying him trusty time credit and meritorious earned time credit, the denial of which was based upon his conviction of kidnapping a child under the age of sixteen pursuant to Mississippi Code Section 97-3-53 and classification as a sex offender pursuant to Mississippi Code Section 45-33-23(h)(i).  The circuit court denied

Thomas relief as well, so Thomas filed the present appeal. While we affirm the circuit court's affirmance of the Department's decision that Thomas is not entitled to credit on his kidnapping conviction, we remand on an issue related to the order in which the Department is running Thomas's convictions.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2007, Thomas pleaded guilty to manslaughter for the death of Kimberly Norton. He also pleaded guilty to kidnapping their two children, who were both under the age of sixteen, pursuant to Section 97-3-53. The circuit court sentenced Thomas to serve twenty years in the custody of the Department for his manslaughter conviction. In a separate sentencing order, the circuit court sentenced Thomas to serve fifteen years in the custody of the Department, with his sentence for kidnapping to be served consecutively to his manslaughter sentence.

¶3. Thomas filed a motion for post-conviction relief, in which he claimed he was not guilty of kidnapping and that his attorney was ineffective. *Thomas v. State*, 107 So. 3d 1046, 1048 (¶ 2) (Miss. 2012). The Court of Appeals affirmed the circuit court's denial of Thomas's motion for post-conviction relief. *Id.* at 1049 (¶ 7).

¶4. Then, Thomas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254 in the federal court. *Thomas v. Outlaw*, 2014 WL 3699922, *1 (N.D. Miss. July 24, 2014). The federal court granted the State's motion to dismiss due to the untimeliness of Thomas's motion. *Id.* at *2. The federal court dismissed Thomas's

argument that he was factually innocent[1] of the kidnapping charge by explaining that he had pleaded guilty to the kidnapping charge, "acknowledged that he had taken the children against the will of their mother, who had custody [of the children, who had an active restraining order against Thomas,] and who was killed by Thomas." *Id.* at *3. Further, "Thomas pleaded guilty to kidnapping, and he admits that he did not have custody and had no legal right to the children at the time they were taken." *Id.* Lastly, the federal court addressed Thomas's claim that he has received an illegal sentence based on the fact that kidnapping is considered a sex crime, and as such, his sentence is mandatory. *Id.* The federal court noted that Thomas's guilty-plea petition included the following language:

> (2) a sentence of fifteen (15) years for kidnapping to serve within the custody and control of the [Department] to run consecutive to the sentence for manslaughter . . . . The defendant understands and agrees that the sentence imposed for kidnapping pursuant to . . . Section 45-33-23(g)(i)[2] is a mandatory day-for-day sentence. The defendant will be given credit for any and all time served in pretrial detention.

*Id.* In determining that his sentence was not illegal, the federal court said:

> Under Mississippi law, the kidnapping of a victim below the age of eighteen is a "sex offense" or a "registrable offense." Miss. Code Ann. § 45–33–23(g)(i). Thomas acknowledged the facts of the kidnapping charge at his plea colloquy, including the fact that the children were under the age of sixteen. Therefore, the crime is considered a sex offense under Miss. Code Ann. § 45–33–23(g)(i). Moreover, Thomas agreed to a plea offer that explicitly informed him that he would be sentenced pursuant to this statute,

---

[1] Thomas's innocence argument was that "he could not kidnap his own children, and that because his ex-wife was dead at the time he took the children, he could not have taken them against her will." *Thomas*, 2014 WL 3699922, at *3.

[2] In 2014, the Mississippi Legislature amended Section 45-33-23, so the language in subsection (g)(i) was moved and is now found in subsection (h)(i). There was no change to the language, only the location. *See* Miss. Code Ann. § 45-33-23 (Supp. 2017).

and that his sentence would be mandatory. Accordingly, his sentence is not illegal and does not warrant equitable tolling of the federal limitations period. The instant petition will be dismissed as untimely.

*Id.* at *4.

¶5. In February 2015, Thomas filed his first request for administrative remedy relief. Thomas received his response in March 2015, stating that his meritorious earned time and trusty status was removed from his time sheet due to his serving a day-for-day sentence on his kidnapping conviction. Thomas indicated he was unsatisfied with the response and proceeded to step two of the administrative remedy process. He received a response to his second request in June 2015. The response informed him that "[k]idnapping under [Section] 97-3-53 is coded as kidnapping of a minor under the age of [sixteen] is a mandatory crime. You will have to serve the entire [fifteen] years day for day, without any type of good time. Upon completion of the [fifteen] years you may qualify for trusty earned time on the [twenty] years manslaughter charge."

¶6. Based upon his dissatisfaction with his second response, he sought judicial review in the circuit court. When the Department did not respond, Thomas filed a motion to compel on September 20, 2016, which the circuit court granted. The circuit court directed the Department "to respond to [Thomas's] claims of whether 42 U.S.C. § 14071, which was in effect at the time of [Thomas's] crime and sentencing, can be applied to exempt [Thomas] from the State of Mississippi's sex offender registration requirements." The Department responded and filed a motion to dismiss. The circuit court entered an order affirming the Department's decision and Thomas filed the present appeal.

4

¶7. On appeal, Forrest raises three issues:

I. The Department is unlawfully classifying Thomas as a sex offender pursuant to section 45-33-23(h)(i) and contrary to 42 U.S.C. section 14071 and 42 U.S.C. section 16911, which provide an exception for parents convicted of kidnapping their own children from sex offender classification and registration. Thomas further contends that the classification violates several constitutional rights, including: his right to be free from double jeopardy, his right to fundamental fairness, his right to due process and equal protection, and his right to be free from cruel and unusual punishment.

II. The Department is unlawfully transforming Mississippi's sex offender registration statute, Section 45-33-23(h)(i), into a criminal penalty. Thomas again contends that several of his constitutional rights are violated, including his right to be free from double jeopardy, his right to fundamental fairness, his right to due process and equal protection, and his right to be free from cruel and unusual punishment.

III. The Department's findings of fact are unsupported by substantial evidence, arbitrary and capricious, beyond the power of the agency to make, and violate Thomas's statutory and constitutional rights.

As noted above, we identified an issue with the order in which the Department is running Thomas's sentences, and we address the issue below.

## STANDARD OF REVIEW

¶8. The Court will not disturb a decision of an administrative agency, like the Department, unless the decision is unsupported by substantial evidence, is arbitrary or capricious, is beyond the agency's scope or powers, or is a violation of the party's constitutional rights. *Edwards v. Booker*, 796 So. 2d 991, 994 (¶ 10) (Miss. 2001) (quoting *Miss. State Bd. of Pub. Accountancy v. Gray*, 674 So. 2d 1251, 1253 (Miss. 1996)).

## ANALYSIS

**I. Order of Sentences Served**

¶9. The circuit court sentenced Thomas to serve twenty years in the custody of the Department for his manslaughter conviction. In a separate sentencing order, the circuit court sentenced Thomas to serve fifteen years in the custody of the Department for his kidnapping conviction. The sentencing order and the notice-of-criminal-disposition form sent to the Department explicitly state that his kidnapping sentence is to be served consecutively to his manslaughter sentence.

¶10. Inexplicably, it appears that the Department is running Thomas's sentences in the opposite order, contrary to the unambiguous language of the sentencing order. That is, instead of Thomas serving his manslaughter sentence first, for which he could be eligible for trusty time and meritorious earned time, he is serving his kidnapping sentence, which is a mandatory, day-for-day sentence.

¶11. Mississippi Code Section 99-19-21(1) (Rev. 2015) provides that if a person is sentenced for two or more convictions, "the imprisonment on the second, or each subsequent conviction shall, *in the discretion of the court*, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction." While the Department is vested with the authority and discretion for the "management and control of the correctional system" pursuant to Mississippi Code Section 47-5-23, the Department's authority and discretion cannot usurp a clear directive from the court via its sentencing orders.

¶12. Therefore, the Department erroneously is having Thomas serve his kidnapping sentence before his manslaughter sentence, contrary to the circuit court's sentencing order.

We remand for the circuit court to order the Department to correct the error, which has a direct impact on the case *sub judice*.

## II.    Sentence Reduction

¶13.    Though we are remanding for the reason explained in Issue I, Thomas's argument that he is entitled to trusty time and meritorious earned time while serving his kidnapping sentence still will be an issue when Thomas begins serving his kidnapping sentence.

¶14.    The crux of Thomas's argument is that, pursuant to 42 U.S.C. Section 14071 and 42 U.S.C. Section 16911, a "congressional exemption" has been created for parents convicted of kidnapping their own biological children from sex-offender registration.  Thomas claims that the Mississippi statute, Section 45-33-23, finding his conduct to be a sex crime or sex offense must yield as it is in conflict with the federal statute and is a violation of his constitutional rights.  *See* Miss. Code Ann. § 45-33-23 (Rev. 2015).

¶15.    It is important to note that Section 14071 was repealed in 2009 and Section 16911 was transferred to 34 U.S.C. Section 20911, effective September 1, 2017, also known as the Sex Offender Registration and Notification Act.  Nonetheless, Thomas is correct that the old statutes and the most current version (Section 20911) contain language that does not include parents convicted of kidnapping their minor children in registration requirements.  "The term 'tier III sex offender' means a sex offender whose offense is punishable by imprisonment for more than [one] year and — (B) involves kidnapping of a minor (unless committed by a parent or guardian) . . . ."  34 U.S.C.A. § 20911(4)(B).  Section 14071(A)(i) stated: "The term 'criminal offense against a victim who is a minor' means any criminal offense in a range

7

of offenses specified by State law which is comparable to or which exceeds the following range of offenses: (i) kidnapping of a minor, except by a parent[.]"

¶16.    While Thomas contends the federal statues are in conflict with our own statute, the difference is that the federal statutes are considered the floor or minimum of what a state must require in order to comply with the Sex Offender Registration and Notification Act. In the national guidelines to the implementation of the Sex Offender Registration and Notification Act, the federal government, through the Department of Justice's Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking, stated: "The Sex Offender Registration and Notification Act . . . provides a new comprehensive set of *minimum* standards for sex offender registration and notification in the United States." Dep't of Justice, *The National Guidelines for Sex Offender Registration and Notification*, https://smart.gov/pdfs/final_sornaguidelines.pdf 3 (last visited March 13, 2018) (emphasis added).  In a further explanation, the guidelines state:

> [The  Sex Offender Registration and Notification Act] establishes a national baseline for sex offender registration and notification programs. In other words, the Act generally constitutes a set of *minimum* national standards and sets a floor, not a ceiling, for jurisdictions' programs. Hence, for example, a jurisdiction may have a system that requires registration by broader classes of convicted offenders than those identified in [the Sex Offender Registration and Notification Act.]

*Id.* at 6 (emphasis in original).  Finally, and most importantly to the present case, the guidelines explain that "[i]t is left to jurisdictions' discretion under these clauses whether registration should be required for such offenses in cases where the offender is a parent or guardian of the victim." *Id.* at 19.

8

¶17. Therefore, our statute and the federal statutes are not in "conflict" such that our statute violates Thomas's constitutional rights, as Thomas contends. Rather, our Legislature decided to expand the definitions found in the federal statutes to include, as a sex offense subject to classification and registration, the crime of kidnapping a minor under the age of sixteen. The Legislature's expansion of the sex-offender registration laws was permissible and not violative of Thomas's constitutional rights. Thomas's argument is without merit.

¶18. Thomas next argues that the Department is "unlawfully transforming Mississippi's sex offender registration statute into a criminal penalty . . . ." Thomas acknowledges and relies on the Court's opinion in *Garrison v. State*, 950 So. 2d 990, 993 (¶ 4) (Miss. 2006), relying on *Smith v. Doe*, 538 U.S. 84 (2003), wherein the Court explained that our sex-offender registration law was a "civil, non-punitive regulatory scheme." Thomas does not argue that the Court incorrectly decided *Garrison* or that the statute itself is punitive, but rather, it appears that he is arguing that the Department's actions denying him trusty time or meritorious earned time are punitive because it is "increasing his sentence." Thomas equates the Department's denial of any reduction to his sentence to be the Department "resentencing" him.

¶19. The Court has explained that the permissive language found in the sentence-reduction statutes means that "correctional officials are vested with discretionary power to award time under certain conditions, and therefore, inmates are not entitled to it." *Ross v. State*, 584 So. 2d 777, 779 (Miss. 1991). Thomas's argument that his sentence is extended by the denial of any reduction presupposes that he is entitled to such reduction, which he is not. The

Department requiring Thomas to serve his full, fifteen-year sentence, consistent with Sections 45-33-23 and 47-7-3, imposed by the circuit court, is not an extension or increase in Thomas's sentence.

**CONCLUSION**

¶20. In summary, Thomas was convicted of kidnapping a minor under the age of sixteen pursuant to Section 97-3-53. Section 45-33-23(h)(i) defines a sex offense as a conviction pursuant to Section 97-3-53 "if the victim was below the age of eighteen (18)[.]" Pursuant to Section 47-7-3(1)(b), a person convicted of a sex crime or sex offense shall not be eligible for parole, and also, Section 47-7-3(2) provides that the person shall not be eligible to receive any "earned time, good time, or any other administrative reduction of time[.]" It is apparent that Thomas's conviction falls within each of the above statutes, making him ineligible for parole and ineligible for any reduction in his sentence. Therefore, we affirm the Marshall County Circuit Court's affirmance of the Department's denial of Thomas's claim that he is being improperly classified as a sex offender and is entitled to trusty time or meritorious earned time, as the decision is supported by substantial evidence, not arbitrary or capricious, not beyond the scope of the Department to make, and does not violate Thomas's constitutional rights. Additionally, we remand for the circuit court to order the Department to run Thomas's sentences consistently with the sentencing orders.

¶21. **AFFIRMED AND REMANDED.**

**WALLER, C.J., RANDOLPH, P.J., MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.**

10

**KITCHENS, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶22. I respectfully concur in part and dissent in part. I agree with the majority's decision to remand for the Circuit Court of Marshall County to order the Mississippi Department of Corrections (MDOC) to correct its error in calculating Thomas's sentences in a manner inconsistent with the sentencing orders. I disagree that Thomas is granted no relief on his claim that he is entitled to trusty time and meritorious earned time when he has served his kidnapping sentence. I would find that, because Thomas's kidnapping of his own children was lacking any sexual aspect, there is no rational basis for the MDOC to classify him as a sex offender under Mississippi Code Section 45-33-23(h)(i).

¶23. After killing his ex-wife, Thomas kidnapped their two children. He pled guilty to manslaughter and kidnapping, and he was sentenced to twenty years for manslaughter and fifteen years for kidnapping, with the kidnapping sentence to run consecutively to the manslaughter sentence. During the guilty plea colloquy, Thomas acknowledged that the kidnapped children had been under the age of sixteen. But no facts were adduced or even suggested to show that Thomas's act of kidnapping his children had any sexual motive, involved any sexual acts, or had any sexual component whatsoever.

¶24. The crime of kidnapping, in itself, is not a sex crime. Kidnapping is codified at Mississippi Code Section 97-3-53, which provides that "[a]ny person who, without lawful authority and with or without intent to secretly confine, shall forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be confined or imprisoned against his or her will" is guilty of kidnapping. Miss. Code Ann.

11

§ 97-3-53 (Rev. 2014). However, Mississippi Code Section 45-33-23(h) provides that a "'Sex offense' or 'registrable offense;' means any of the following offenses: . . . (i) Section 97-3-53 relating to kidnapping, if the victim was below the age of eighteen (18)." Miss. Code Ann. § 45-33-23(h) (Rev. 2015). Under Mississippi Code Section 47-7-3(1)(b), a person convicted of a sex offense "shall not be released on parole," and under Section 47-7-3(2), such a person shall not be eligible for "earned time, good time or any other administrative reduction of time[.]" Miss. Code Ann. § 47-7-3(1)(b) (Rev. 2015); Miss. Code Ann. § 47-7-3(2) (Rev. 2015). The majority concludes that, under the above statutes, Thomas's kidnapping conviction is categorized as a sex offense; therefore, he is ineligible for parole or any reduction in his sentence.

¶25. I find it problematic that Thomas has been denied early release due to his classification as a sex offender when no factual basis has been established that his crime of kidnapping his children had any sexual aspect or ramification. I would find that Section 45-33-23(h)(i) is unconstitutional as applied to Thomas. Under the Fourteenth Amendment of the United States Constitution, the State shall not "deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. Amend. XIV. The Mississippi Constitution also affords due process protections. Miss. Const. Art. 3, § 14 ( "[n]o person shall be deprived of life, liberty, or property except by due process of law."). Thomas is not a member of a suspect class and the State's denial of the possibility of early release does not implicate a fundamental right. *See **Bosarge v. State***, 141 So. 3d 24, 27 (Miss. Ct. App. 2014) (the State's denial of earned time and trusty time did not trigger heightened scrutiny).

12

Therefore, under the federal and state due process clauses, to pass constitutional muster, the application of Section 45-33-23(h)(i) to Thomas must be rationally related to a legitimate government interest. *Wells by Wells v. Panola Cty. Bd. of Educ.*, 645 So. 2d 883, 893 (Miss. 1994).

¶26. There is no rational basis for classifying Thomas as a sex offender. Logically, the government has a legitimate interest in rescinding early release opportunities for sex offenders to protect the public from those who commit crimes of a sexual nature. The government also may have a legitimate interest in imposing heightened punishment on individuals who commit sex crimes. But Thomas's crime of kidnapping his minor children had no sexual aspect as an element of the crime. *See* Miss. Code Ann. § 97-3-53 (Rev. 2014). And no factual basis was established at the plea hearing that Thomas's particular acts were sexual in nature. Thus, the legitimate government interests of protecting the public from sex offenders and imposing heightened punishment on such offenders are not served by Thomas's classification as a sex offender. Because Thomas's kidnapping crime lacked any sexual aspect, denying him the opportunity for early release does nothing to protect the public from a sexual predator. Nor does denying him early release result in the increased punishment of someone who has committed a crime of a sexual nature.

¶27. I observe that the State's classification of a person convicted of kidnapping as a sex offender based only on the fact that the victim is a child, with no requirement that the kidnapping had a sexual aspect, risks including a significant number of offenders whose crimes were not sexual in nature. As this case illustrates, not every child kidnapping involves

a sexual motive or act. Child custody disputes may erupt in kidnapping charges, with the charged parent under threat of perpetual registration as a sex offender if convicted, although the kidnapping crime lacked any sexual motive, sexual act, or sexual aspect whatsoever. *See Montalto v. Miss. Dep't of Corr.*, 2017 WL 4340273, at *1 n.1 (S.D. Miss. 2017). Kidnapping charges have arisen in the context of business robberies where the robber has confined the business's employees or patrons, and it is easy to conceive of a scenario in which a business's patrons include children under eighteen years of age. *See Salter v. State*, 876 So. 2d 412 (Miss. Ct. App. 2003). A kidnapper might take a child for the sole purpose of holding him or her for ransom. Nothing justifies the classification of perpetrators of these nonsexual kidnappings as sex offenders, and the public gains nothing in the process. Because Thomas's kidnapping of his minor children was devoid of any sexual motive, act, or aspect whatsoever, I would find that Section 45-33-23(h)(i) is unconstitutional as applied to him.

**KING, J., JOINS THIS OPINION.**