# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2025-CA-00645-SCT

*NOMATTER HUDSON*

*v.*

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/28/2025 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| TRIAL COURT ATTORNEYS: | JACOB WAYNE HOWARD |
| | WILLIAM R. COLLINS |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JACOB WAYNE HOWARD |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WILLIAM R. COLLINS |
| | DANIEL KIM |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 06/04/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1. Nomatter Hudson appealed from an administrative decision by the Mississippi Department of Corrections ("MDOC") not to award her trusty time due to her conviction for attempted murder. After the circuit court affirmed MDOC's decision, Hudson appealed arguing (1) MDOC violated Mississippi Code Section 47-5-138.1(2) by not giving her trusty time even though she is eligible under that subsection and (2) the statute violates the Mississippi Constitution. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On July 12, 2018, Hudson pled guilty to attempted murder and was sentenced to a

twenty-five-year term of incarceration with MDOC. She was incarcerated as a medium-custody inmate until August 15, 2023, at which point she was reclassified to minimum security. During her incarceration, she "completed numerous educational, vocational, and rehabilitative programs" and "served [in] various leadership and instructional roles," but MDOC never awarded her trusty time.

¶3.    On November 13, 2024, Hudson filed a request through MDOC's Administrative Remedy Program claiming MDOC was "unlawfully denying [her] Trusty Earned Time ("TET") based solely on the fact that [she] was convicted of Attempted Murder." She argued that denying her trusty time for that reason was unlawful because the legislature did not bar those convicted of attempted murder from earning trusty time and because MDOC lacked the authority to "add to the Legislature's list of crimes and sentences that render a person ineligible for TET." She also argued that even if the legislature had delegated such authority to MDOC, "any such delegation would violate the separation of powers required by the Mississippi Constitution" because doing so "increases the minimum punishment for that crime."

¶4.    On November 13, 2024, Hudson filed a request through MDOC's Administrative Remedy Program claiming that MDOC's denying her trusty time solely for her attempted murder conviction was unlawful because the legislature did not bar those convicted of attempted murder from earning trusty time and because MDOC lacked the authority to "add to the legislature's list of crimes and sentences that render a person ineligible for TET." She also argued that even if the legislature had delegated such authority, "any such delegation

2

would violate the separation of powers required by the Mississippi Constitution" because doing so "increases the minimum punishment for that crime."

¶5.     On January 3, 2025, MDOC issued its decision in the first-step response. MDOC wrote "[o]ffender Hudson trusty is not applied on this records office. (Jackson). Upon your classification your charge is not eligible for trusty. You may get with your case manager if you want to inquire with classification."

¶6.     Hudson sought second-step review, giving her reason for review as "please see original complaint." On January 21, 2025, MDOC issued its decision, writing, "[a]fter reviewing your complaint your charge is not eligible for trusty. Since bill 2795 was passed you are eligible for trusty status on or after 4-3-2028."

¶7.     On February 24, 2025, Hudson petitioned the Circuit Court of Rankin County for judicial review, asserting the same arguments she raised before MDOC.

¶8.     On May 28, 2025, the circuit court entered its Order of Dismissal and affirmed MDOC's decision because "MDOC has the statutory discretion to deny Petitioner trusty earned time." Hudson appealed.

## ANALYSIS

I.     **MDOC did not violate Mississippi Code Section 47-5-138.1 by establishing an internal policy that rendered those charged with attempted murder ineligible for trusty status and trusty time.**

¶9.     "Judicial review of an administrative decision is limited." *McFadden v. Miss. State Bd. of Med. Licensure*, 735 So. 2d 145, 151 (Miss. 1999). Mississippi appellate courts "will not disturb a decision of an administrative agency, like [MDOC], unless the decision is

3

unsupported by substantial evidence, is arbitrary or capricious, is beyond the agency's scope or powers, or is a violation of the party's constitutional rights." ***Thomas v. Miss. Dep't of Corr.***, 248 So. 3d 786, 789 (Miss. 2018) (citing ***Edwards v. Booker***, 796 So. 2d 991, 994 (Miss. 2001)). "[T]his Court applies the de novo standard of review when deciding issues of law." ***Boyett v. Cain***, 397 So. 3d 481, 483 (Miss. 2024) (internal quotation marks omitted) (quoting ***Forrest Gen. Hosp. v. Upton***, 240 So. 3d 410, 415 (Miss. 2018)).

¶10.    Mississippi Code Section 47-5-138.1 begins: "an offender *in trusty status as defined by the classification board of* [*MDOC*]" may earn trusty time. Miss. Code Ann. § 47-5-138.1(1) (Rev. 2023) (emphasis added). Further, "[a]n offender *in trusty status* shall not be eligible for a reduction of sentence under this section" if he meets any one of five requirements, none of which include being charged with attempted murder. Miss. Code Ann. § 47-5-138.1(2) (Rev. 2023) (emphasis added).

¶11.    Hudson argues that under the principle of *inclusio unius est exclusio alterious*, MDOC may only withhold trusty time eligibility from those offenses and sentences listed in Subsection (2), which does not include attempted murder. Miss. Code Ann. 47-5-138.1. However, Hudson's argument fails because Section 47-5-138.1(2) only applies to "[a]n offender in trusty status." MDOC's [TET] policy reads, in part, "[a]n offender *will not be eligible for trusty status* if he . . . was convicted of . . . attempted murder (homicide) . . . ." Because MDOC has the authority to define trusty status, Hudson was never "[a]n offender in trusty status" to begin with, rendering the statute inapplicable to her. § 47-5-138.1(2).[1]

---

[1]Assuming *arguendo* the statute applied to her, Hudson's argument also fails because granting trusty time is a discretionary power given to correctional officials, meaning inmates

4

Because the statute did not apply to Hudson, MDOC did not violate the statute by not granting Hudson trusty time.

## II. MDOC did not violate the Mississippi Constitution.

¶12.    "When addressing a statute's constitutionality, we apply a de novo standard of review, bearing in mind (1) the strong presumption of constitutionality; (2) the challenging party's burden to prove the statute is unconstitutional beyond a reasonable doubt; and (3) all doubts are resolved in favor of a statute's validity." *Johnson v. Sysco Food Servs.*, 86 So. 3d 242, 243-44 (Miss. 2012) (footnotes omitted) (citations omitted).

¶13.    Hudson argues that if the statute gives MDOC discretion "to determine which *crimes* render an inmate ineligible for Trusty Time," excluding those convicted of attempted murder "from earning [t]rusty-[t]ime reductions to their sentences unquestionably increases the minimum punishment," which encroaches on the legislature's authority to define crimes and fix punishments. However, her sentence would only "increase" under these circumstances if MDOC deprived her of a sentencing reduction to which she was entitled. No inmate is entitled to trusty-time reductions, so not giving her trusty time does not "increase" the inmate's sentence. *Thomas*, 248 So. 3d at 791 (quoting *Ross*, 584 So. 2d 779).

¶14.    Hudson cites *Puckett v. Abels*, 684 So. 2d 671 (Miss. 1996), but that case is distinguishable because the Court addressed ex post facto changes to parole statutes. Here,

---

are not entitled to trusty time. § 47-5-138.1(1); *Thomas*, 248 So. 3d at 791 (quoting *Ross v. State*, 584 So.2d 777, 779 (Miss. 1991)). Since the statute is "clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018) (internal quotation mark omitted) (quoting *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011)).

Hudson does not allege that either the legislature or MDOC excluded her conviction from earning trusty time after she was sentenced.

¶15. Hudson also cites cases holding that a sentence without the possibility of parole is more severe than the same sentence with the possibility of parole. *Graham v. Florida*, 560 U.S. 48, 70, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010); *Solem v. Helm*, 463 U.S. 277, 297, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Even so, a sentence's being more severe at the time of sentencing is not the same as increasing a sentence after the fact. Hudson is not entitled to trusty time, meaning her sentence did not increase.

¶16. Because the statute did not increase Hudson's sentence, the statute is not unconstitutional.

### CONCLUSION

¶17. Hudson first argues that MDOC must grant her trusty time under Section 47-5-138.1 because Subsection (2) does not exclude attempted-murder charges from eligibility. Since the statute does not apply to her, her argument is without merit.

¶18. Hudson also argues that MDOC violated the Mississippi Constitution by increasing her sentence. No inmate is entitled to trusty time, so her sentence did not increase. Thus, no violation of the Mississippi Constitution has occurred.

¶19. This Court affirms the decisions of MDOC and the trial court.

¶20. **AFFIRMED.**

**KING AND COLEMAN, P.JJ., ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**

6